### IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF NEW-YORK,

IN JANUARY TERM, 1839—IN THE SIXTY-THIRD YEAR OF THE INDEPENDENCE OF THE UNITED STATES.

---

## HALSEY *vs.* CHRISTIE.

An *attachment* issued by a justice of the peace, founded upon an affidavit not sufficient to confer *jurisdiction*, is no bar to an action by a *mortgagee* of personal property against the plaintiff in the attachment for the taking of the property; and the latter cannot avail himself of the fact that *possession* did not accompany the *mortgage*.

ERROR from the Tompkins C. P. The plaintiff held a *mortgage* of personal property executed to him by a person of the name of *Grose*, the property remained in the possession of *Grose*, and was seised by virtue of an *attachment* sued out by the defendant against his property. The plaintiff brought an action of *trover* against the defendant who justified under the attachment. It appeared that the *affidavit* upon which the attachment issued was radically defective. The court charged the jury that the plaintiff could not avail himself of the defect in the affidavit, and that if they should find that the mortgage was fraudulent and void as against creditors, the plaintiff was not entitled to recover.

The jury found a verdict for the defendant. The plaintiff having excepted to the charge of the court, sued out a writ of error.

*G. D. Beers*, for the plaintiff in error.

*G. G. Freer & S. Love*, for the defendant in error.

*By the Court*, NELSON, Ch. J. The charge of the court was clearly erroneous. As between the mortgagor and mortgagee, the mortgage was a valid security, and vested the property in the mortgagee; and then the affidavit being admitted to be defective, the justice had not jurisdiction to issue an attachment which would enable the party suing out the same to take the usual ground in these cases, to wit, that the mortgage was executed in fraud of creditors.

Judgment reversed; *venire de novo ;* costs to abide the event.