## MILLER *vs.* BRINKERHOFF.

Where certain facts are required to be proved to warrant the issuing of process, in a court of special and limited jurisdiction, if there be a total defect of proof as to any essential point, the process will be void.

But where the proof, though slight and inconclusive, legally tends to establish all the essential facts, the process will be valid when questioned collaterally, and can only be avoided by a direct proceeding to set it aside. · *Per* BRONSON, C. J.

Miller *v.* Brinkerhoff.

Where application was made to a justice of the peace for an attachment, on the ground that the debtors had assigned and disposed of and were about to remove their property from the county with intent to defraud their creditors, and the affidavits stated only that the defendants had made two assignments of property to the same person, and that they said they had then no property and could pay no debts; *held* that there was a total defect of evidence of an intent to defraud creditors and that the attachment was void.

ERROR to Tioga C. P. Brinkerhoff sued Miller before a justice, in trespass, for taking his cow. On the trial, the defendant proposed to justify the taking of the cow under an attachment in his favor against the plaintiff and one Hoyt, issued by a justice of the peace. The affidavit on which the attachment issued was made on the 13th day of December, 1838; and stated in proper form that the plaintiff and Hoyt were indebted to the defendant upon contract, and that the application was made on the ground that the plaintiff and Hoyt had assigned and disposed of, and were about to remove their property from the county of Tioga with intent to defraud their creditors. It then proceeded thus: " And this deponent further saith, that the said James I. Brinkerhoff and Israel S. Hoyt made an assignment of some of their property last spring to L. P. Hand of Albany; and that said Brinkerhoff & Hoyt told this deponent that they had made another assignment to the same man last week: and also [that] the said Hand, or his agent, was going to remove some of the property out of the county of Tioga on the 11th instant; and also that they said they had no property, and could pay no debts." The justice in the suit on trial decided that the affidavit was not sufficient to confer jurisdiction on the justice who issued the attachment. Judgment was rendered for the plaintiff for the value of the cow, which the C. P. affirmed on *certiorari.* The defendant brings error.

*John J. Taylor,* for the plaintiff in error, cited 11 *John.* 175; 10 *Wend.* 420; 20 *id.* 77; 14 *id.* 237; 21 *id.* 178; 10 *John.* 167; 21 *Wend.* 9; 13 *id.* 46.

*J. M. Parker,* for the defendant in error, cited 21 *Wend.* 9; 14 *id.* 237; 13 *id.* 46; 20 *id.* 77; 6 *Hill,* 429; 11 *John.* 175.

*By the Court,* BRONSON, Ch. J.   When certain facts are to be proved to a court of special and limited jurisdiction, as a ground for issuing process, if there be a total defect of evidence as to any essential fact, the process will be declared void, in whatever form the question may arise.   This is sufficiently established by the cases cited at the bar, as well as by many others to be found in the books.   But when the proof has a legal tendency to make out a proper case, in all its parts, for issuing the process, then, although the proof may be slight and inconclusive, the process will be valid, until it is set aside by a direct proceeding for that purpose.   In one case, the court acts without authority; in the other, it only errs in judgment upon a question properly before it for adjudication.   (*Matter of Faulkner,* 4 *Hill,* 598; *Harman* v. *Brotherson,* 1 *Denio,* 537; *Vosburgh* v. *Welch,* 11 *John.* 175; *Tallman* v. *Bigelow,* 10 *Wend.* 420.)   In one case, there is a defect of jurisdiction : in the other, there is only an error of judgment.   Want of jurisdiction makes the act void ; but a mistake concerning the just weight and importance of evidence, only makes the act erroneous, and it will stand good until reversed.   I think this a sound distinction, though it rests in some degree upon my own authority.   The defendant claims the benefit of the distinction ; and I think him entitled to it.   But it will not help out his case ; for although the affidavit was sufficient in some particulars, it was totally defective in others.   It is entirely silent as to the most material fact—the intent to defraud creditors.   That the applicant for the attachment had a debt arising upon contract was sufficiently proved ; but the only "facts and circumstances" set forth as a ground for issuing the process are, that the debtors had made two assignments of their property ; and that the assignee was about to remove a part of the property out of the county.   To which it was added, that the debtors said they had no property, and could pay no debts.   There is no fact or circumstance to show—nor is there even the intimation of a belief—that the debtors had assigned the property, or were about to remove it from the county, with intent to defraud

their creditors. (*Stat.* 1831, *p.* 404, §§ 34, 35.) The affidavit was bad within all the cases; and the proceedings founded upon it were void, as well as erroneous.

Judgment affirmed