Decker *vs.* Bryant.

A warrant, as against the person named therein, if fair upon its face, and showing jurisdiction in the person issuing it, will protect the officer acting under it.

But when it is sought to use the process as against third persons, as to attack the *bona fides* of a transfer of property, and it is insisted that the sale is fraudulent as against creditors, the preliminary proceedings necessary to establish jurisdiction must be shown.

Third persons are not estopped by the appointment of trustees under the 62d sec-

Decker *v.* Bryant.

tion of the act concerning attachments against absconding, concealed, and non-resident debtors, from contesting the jurisdiction of the officer, and the consequent validity of the warrant of attachment issued by him.

And no greater effect, as evidence, can be claimed for the report of the officer entertaining the proceedings, made to the supreme court in pursuance of the 68th section of that act, than is given to the record of the appointment of trustees.

It is not conclusive, on the question of jurisdiction over the case made by the attaching creditors, on their application for the attachment.

What facts are necessary to be alledged, in the affidavits, &c. upon an application for an attachment, under the act concerning absconding, concealed, and non-resident debtors.

A party, after having introduced evidence, before the jury, on the trial of a cause, can not be permitted to withdraw it, on finding that it does not answer his purpose. Evidence, once given, belongs to the cause, and is the common property of all the parties.

THIS was an action of trespass, brought by the plaintiff against the defendant, to recover damages for seizing and taking certain goods, wares and merchandise at the town of Chateaugay in the county of Franklin, about the 6th day of September, 1847. The defendant pleaded the general issue, and gave notice in substance that he would prove on the trial that on the 6th day of September, 1847, a certain writ of attachment was duly issued by Joseph R. Flanders, Esq. county judge of said county, pursuant to the statute concerning attachments against absconding, concealed and non-resident debtors, in favor of John J. Van Nostrand and Henry D. Van Nostrand against Henry G. Decker, and directed to the sheriff of said county of Franklin, and that by virtue thereof the defendant, then and still being a deputy sheriff in and for said county of Franklin, afterwards, to wit, on, &c. at, &c. did seize and take the goods and chattels in the plaintiff's declaration mentioned, according to the command and for the purposes mentioned in said attachment, which are the same trespasses, &c. ; and that the said goods and chattels then were the goods and chattels of said Henry G. Decker, or of the said Henry G. Decker and one Ira Blakely, and not the property of the plaintiff, and that the same were lawfully seized and taken by virtue of said attachment against the said Henry G. Decker.

Decker *v.* Bryant.

The cause was tried before Justice ALLEN, at the Jefferson circuit, in April, 1848. The plaintiff proved title to the goods, by virtue of a purchase thereof from Decker and Blakely, on the 1st of June, 1847, the value thereof, and the taking by the defendant under claim of an attachment against Decker and Blakely. The defendant's counsel, in opening the defense. to the jury, stated the grounds of defense to be that the pretended sale and purchase of the said goods from the said firm of Decker & Blakely were void and made with intent to hinder, delay and defraud the creditors of that firm.; that Henry G. Decker, one of the firm, had absconded from the state immediately after said sale, and that the said goods were seized and taken by the defendant as deputy sheriff, under and by virtue of the proceedings and the attachment mentioned and set forth in the notice. The counsel produced and offered a certified copy of a report of Joseph R. Flanders, Esq. county judge of Franklin county, under the seal of said county, and attested by the clerk thereof, of certain proceedings had before said county judge under the absconding or concealed debtor's act ; to the introduction of which the plaintiffs' counsel objected ; insisting that it was incompetent in this action, without first introducing in evidence the original affidavits and papers on which the attachment issued, and establishing thereby jurisdiction in Judge Flanders to issue such attachment ; that although in the future proceedings under the attachment such report was made by the statute conclusive evidence of the facts therein contained, it did not dispense with the necessity of showing, by the original affidavits and papers, that the judge had sufficient before him to confer jurisdiction upon him to issue his warrant. The judge overruled this objection, and decided that this report was admissible in evidence, and held that the same was conclusive as to the facts recited which gave jurisdiction. The plaintiff's counsel excepted to this decision ; whereupon the defendant's counsel stated that he would obviate this objection and would produce in evidence the original affidavits and papers upon which such attachment was issued ; and he accordingly produced them. To the introduction of which the plaintiff's counsel objected, on the ground that

Decker v. Bryant.

the affidavits were insufficient to confer jurisdiction. The court held that the affidavits were clearly defective, and did not show sufficient to give jurisdiction, and rejected the papers on this ground. To this decision the defendant's counsel excepted. And thereupon the defendant's counsel offered to withdraw the affidavits and papers and to rely upon the report as sufficient. To this the plaintiff's counsel objected, and the judge remarked that inasmuch as the defendant's counsel had not been willing to risk his ruling in favor of said report, and to obviate the plaintiff's objection thereto had voluntarily produced and offered in evidence the affidavits and papers, which were clearly defective; thus himself showing that though Judge Flanders had no jurisdiction to issue said warrant, he had himself impeached the report and could not be allowed now to withdraw that evidence; to which opinion the defendant's counsel excepted. The counsel for the defendant contended that the report of the county judge was made by the statute conclusive, and that he had a right to withdraw the other papers and rely upon the said report, which was objected to by the plaintiff's counsel. The judge stated, that although he had at first received such report in evidence and held it competent, he still entertained serious doubts, as he did at first, as to the propriety of such ruling, but the defendant's counsel having waived such ruling in his favor, and sought by the introduction of the original affidavits and papers to establish jurisdiction, and having instead thereof himself impeached the jurisdiction of the officer making the report, he could not regard the report as sufficient evidence to entitle the defendant to justify under the attachment in this action; to which decision the defendant's counsel excepted. The counsel for the defendant then offered to prove that the plaintiff had purchased the goods in question from the firm of Decker & Blakely with intent to hinder, delay and defraud the creditors of that firm, and that John J. Van Ostrand and Henry D. Van Ostrand were at the time and still were, creditors of Decker & Blakely. To this evidence the plaintiff's counsel objected, on the ground that it constituted no defense, and was inadmissible unless the defendant had valid process against Decker & Blake-

Decker *v.* Bryant.

ly ; and that the defendant had himself shown that the county judge had no jurisdiction to issue such warrant or attachment, and the justice decided that the evidence would be of no avail, under the proofs as to the affidavits and papers on which the attachment was issued ; and in that stage of the cause was not admissible, as it would be insufficient, unaccompanied by other proof of jurisdiction in the county judge. And the court intimated that under the proof as it then stood the principal question seemed to be in relation to the taking, and the value of the goods ; and thereupon further evidence in relation to the value of the property was given by both parties.· After the evidence was closed, the jury, under the charge of the court, rendered a verdict in favor of the plaintiff for $569,77 ; and the defendant, upon a bill of exceptions, moved for a new trial.

*G. C. Sherman,* for the plaintiff.

*B. Bagley,* for the defendant.

*By the Court,* ALLEN, J.  It was not made a point upon the trial that the warrant of attachment, being fair upon its face, protected the officer, and that the defendant was not bound to go back of it and show jurisdiction in the officer issuing it, and therefore the point was not properly taken upon the argument of the motion for a new trial, upon a bill of exceptions. But had this point been taken upon the trial, it could not have aided the defendant. As against the person named in the process the warrant, if fair upon its face, and showing jurisdiction in the officer, would have protected the defendant, an officer acting under it. But when it is sought to use the process as against third persons, as in·this case, to attack the bona fides of a transfer of property, and it is insisted that the sale is fraudulent as against creditors, the preliminary proceedings necessary to establish jurisdiction must be shown. (*Van Etten* v. *Hurst,* 6 *Hill,* 311.) The question upon the bill of exceptions in this cause is whether the officer had jurisdiction to issue the warrant under which the defendant justifies the act complained of. It

Decker *v.* Bryant.

is provided by the 62d section of the act concerning attachments against absconding, concealed and non-resident debtors, (2 *R. S.* 12,) that the appointment of trustees, the record thereof, and the transcript of such record, duly certified, shall in all cases except on the hearing of a petition, as provided in the act, be conclusive evidence that the debtor therein named was a concealed absconding or non-resident debtor within the meaning of the act, and that the appointment and all the proceedings previous thereto were regular.    In *Hubbell* v. *Ames,* (15 *Wend.* 372,) it was held that the production of the appointment of trustees was sufficient to show that the officer had jurisdiction. But it was not decided in that case that the debtor, or any other person, was concluded by such appointment from alledging that the preliminary proceedings were fatally defective.    In the *Matter of Hurd,* (9 *Wend.* 465,) and in the *Matter of Faulkner,* (§ *Hill,* 600,) it was decided that the only effect of the estoppel created by the act was to prohibit the debtor from disproving the facts alledged in the petition, and that the question whether the officer had jurisdiction was, notwithstanding the appointment of trustees, an open question to the debtor.    Nelson, J. in *Hurd's case,* says, "its effect is to preclude all inquiry into the regularity of the proceedings, and to estop the party from denying that he was an absent debtor; but it does not debar him from contesting the jurisdiction of the officer, or insisting that his case is not within the statute."    Bronson, J. in *Faulkner's case* says, "It [the estoppel created by the 62d section] does not touch the question whether the proceeding was not utterly groundless at the first, taking the case as it appeared in the ex parte application of the creditor.    That question, for aught that I can see, must always remain open to the debtor; for if the officer had no jurisdiction, the whole proceeding is *coram non judice.*"    If the debtor is not estopped by the appointment of trustees from contesting the jurisdiction of the officer and the consequent validity of the warrant, most certainly third persons who have no other means of testing the validity of the proceedings should not be estopped by such act.    The defendant did not give in evidence the appointment of trustees, and the record

Decker *v.* Bryant.

thereof, but introduced the report of the officer made to the supreme court in pursuance of the 68th section of the act, (2 *R. S.* 13,) which requires such report to be made within twenty days after the appointment of trustees, and declares that "such report and a certified copy thereof, under the seal of the court, and attested by the clerk, shall be conclusive evidence that the proceedings stated therein were had before such officers." No greater effect, as evidence, can be claimed for this report than could be claimed for the record of the appointment of trustees. At most it is only another mode of proving such appointment. It is therefore not conclusive, on the question of jurisdiction upon the case made by the creditors on their application for the attachment. Whether it proves the appointment of trustees, so as to dispense with other evidence of the preliminary proceedings, it is not necessary to determine. In *Hubbell* v. *Ames* the defendants gave in evidence the appointment of trustees, as well as the report of the officer showing the fact. But the report itself, I think, fails to show jurisdiction in the officer. It certainly is not evidence of any thing more than is stated in it ; and we can not intend that the proof established facts not alledged as a ground for the proceeding. The application was for a warrant against Henry G. Decker, upon a joint debt against him and one Blakely. The statute (2 *R. S.* 3, § 1) authorizes the attachment of the property of a debtor "whenever such debtor, being an inhabitant of this state, shall *secretly* depart therefrom with intent to defraud his creditors." The report says that the application was upon the ground that the said "Decker & Blakely being inhabitants of this state, Henry G. Decker, one of the said debtors, had then *recently* departed therefrom, with all the avails of the said Decker & Blakely, and that Ira Blakely, the other of the said debtors, was about to depart therefrom, with intent to defraud their creditors." 1. It is not alledged and therefore was not proved, that Decker had "*secretly*" departed from this state, and the "secrecy" of the "departure" is a fact necessary to be established to bring the debtor within the purview of the act. 2. There is no intent to defraud creditors alledged against Decker. It is merely alledged that he had

---

Decker *v.* Bryant.

---

" recently departed" with " all the *avails* of Decker & Blakely."
Probably it was intended to alledge that he had taken with him
all the property of that firm ; but it is not so stated.    3.  The
intent to defraud creditors is charged by the application upon
Blakely, who was about to depart from the state ; and that
did not authorize the attachment against Decker.

The plaintiff, however, not willing to rest his case upon the
evidence of jurisdiction presented by the report, introduced the
original application and affidavits upon which the officer acted.
And having once put them in evidence he could not withdraw
them upon finding they would not answer his purposes.    As
well might he, after proving a fact by parol, as for instance the
declaration of his adversary, which, instead of aiding his defense
tended directly and very strongly to overthrow it, be allowed to
withdraw the evidence.    For the purposes of the trial the party
had made his election upon what evidence he would rely ; and
it would be singular indeed if, at the close of the trial of a cause,
a party could select from the evidence introduced by himself
such parts as he deemed favorable, and exclude the residue from
the consideration of the jury.    Before the evidence is given it
is within the control of the party.    Once given, it belongs to the
cause and is the common property of all the parties.    But if the
defendant could have withdrawn the evidence and been permit-
ted to fall back on the report of the judge, still the affidavits
and papers were within the reach of the plaintiff, and were, as
we have seen, competent evidence for him ; and if in evidence,
whether given in evidence by the one party or the other is im-
material.    The question is whether they show jurisdiction in
the officer.    I think they do not.    The " facts and circumstances
to establish the grounds on which application is made" must be
verified by the affidavits of two disinterested witnesses.    (2 *R. S.*
3, § 5.)    The grounds upon which application was made were
the same as stated in the report of the judge ; and these grounds,
if well established, were not within the act.    The party is con-
fined, in his proof, to the ground alledged in his application.
But if permitted to establish his right to an attachment by affi-
davits for causes not alledged in his application, the affidavits in

Decker *v.* Bryant.

this case were, within well established principles, entirely insufficient. They furnished no legal evidence whatever of the existence of the facts upon which the attachment could issue. Willard, one of the witnesses, states that Decker had secretly departed from the state "with intent to defraud the creditors of Decker & Blakely," and then states that he is informed by Blakely that Decker took away with him all the property of Decker & Blakely, the avails of goods bought of the attaching creditor and for which their debt was contracted, and that he (Blakely) had nothing wherewith to satisfy the said demand. 1. The witness does not state that he believes the information derived from Blakely to be true, and does not alledge that as a fact or circumstance upon which he founds his allegation of the secret departure of Decker with intent to defraud creditors. 2. There is no reason stated why the affidavit of Blakely was not procured. His statement was strictly hearsay, and may have been made for the purpose of enabling the creditors to procure the attachment against Decker. And this is highly probable, from the fact that the plaintiff's agent did not venture to swear to his belief of its truth. It was in no sense legal evidence upon which the officer had a right to act. (*Matter of Bliss*, 7 *Hill*, 187.) Even if competent with other facts, it was entirely incompetent alone. (*Miller* v. *Brinkerhoff*, 4 *Denio*, 118.) 3. The affidavit that the debtor had absconded with intent to defraud his creditors, was insufficient. The intent was matter of opinion—a conclusion from facts which should have been stated by the witness, in order that the officer could judge as to their sufficiency. (*Smith* v. *Luce*, 14 *Wend.* 237. *Ex parte Robinson*, 21 *Id.* 672.) In *Miller* v. *Brinkerhoff* the affidavit was stronger than in this case, but was held insufficient to protect the officer, in an action of trespass brought by the debtor for property taken under an attachment issued by a justice of the peace. If the other affidavit was sufficient in form it would not aid the defendant, as the statute requires the "facts and circumstances" to be established by two witnesses. But the affidavit of Parker is also defective. 1. The first circumstance stated, viz. that the debtors had not the spring previous sent any

remittance to their creditors, is stated upon belief only. (*Kingsland* v. *Cowman*, 5 *Hill*, 608.)   2. It states that Decker had " absconded," without stating that he had left the state, or with what intent he had left. He should have stated the circumstances under which he left, so that the officer could judge whether he had secretly departed from the state with intent to defraud his creditors.   3. He should have stated what he saw, and the manner in which they conducted their business, from which he inferred an intent to defraud creditors.   4. The assignment of Decker & Blakely is stated upon information and belief. (*Ex parte Haynes*, 18 *Wend.* 615.)   And the mere fact that they had sold their property, or made an assignment, is not legitimate evidence, alone, of an intent to defraud creditors. (*Connell* v. *Lascells*, 20 *Wend.* 77, *and cases cited above.*) Neither affidavit was sufficient, and the attachment was unauthorized.

A new trial is denied.

———————•••———————

SAME TERM.   *Before the same Justices.*