JACOB CLEARWATER, Jr., Respondent, *v.* CYRENIUS F. BRILL, Appellant.

(Argued May 21, 1874; decided September term, 1874.)

THIS was an action to recover possession of certain personal property. Plaintiff claimed under and by virtue of a levy upon two Justice's Court attachments, issued to him as constable, against one Charles J. Dolson. The affidavit, upon which one attachment was issued, after a statement of the debt, was as follows: "That the application for an attachment * * * which accompanies this affidavit, is made on the grounds that the said Charles J. Dolson has departed from the said county of Ulster where he last resided, with intent to cheat and defraud his creditors, and with intent to avoid the service of civil process."

"And this deponent has been informed that the said Charles J. Dolson has made these remarks: If he was not back he wanted and required one Bruyn to make garden for his wife, and also to one Levi Van Keuren if he did not come back he wanted said Van Keuren to pay to his wife the sum of two dollars he owed said Dolson."

"And deponent further says that said Dolson has been absent about one week from home, and upon diligent inquiries he has been unable to find where he has gone or

when he is coming back, and that this deponent has been unable to get sight of the said Charles J. Dolson, although he has called at his house several times for that purpose."

The statements in the affidavit upon which the other attachment was issued, were as follows:

"And deponent further saith, that the said Charles J. Dolson has left his last place of residence, with the intent to avoid the service of any civil process."

"And deponent further says, that he has called at the house of said Dolson, and made inquiries for him, and was unable to find where he is gone or when he is coming back, with intent to defraud his creditors, and that this deponent will be in danger of losing his debt, unless an attachment is issued against the said."

*Held*, that the affidavits were fatally defective and gave no jurisdiction; that as to the first affidavit the statement of the grounds of the application did not tend to prove the existence of the facts, and that the facts stated failed entirely to show any wrongful intent; that the second affidavit was defective in not alleging that Dolson was a resident of the county, and had departed therefrom.

*M. Schoonmaker* for the appellant.

*Amasa J. Parker* for the respondent.

REYNOLDS, C., reads for reversal.
All concur.
Judgment reversed and new trial granted.