Deutsch agt. Reilly.

## N. Y. COMMON PLEAS.

Isaac Deutsch, plaintiff and appellant agt. Bernard Reilly, sheriff, &c., defendant and respondent.

*Attachment — how far a protection to the sheriff.*

An attachment is an ample protection to the sheriff as against the defendant in the attachment, whether it was irregularly issued or not, but it is no protection for taking the property of a person other than the defendant, for that the sheriff is not commanded to do by the process; nor can the sheriff justify under an attachment, to the extent of showing that the sale from the defendant in the attachment to the plaintiff, in the action against the sheriff, was fraudulent, for, as between the vendor and vendee the transfer is valid and the plaintiff in the attach-

ment not being judgment creditors, are not in a position to impeach the transfer.

*General Term, December*, 1878.

THIS action which was in form for replevin was tried in the New York marine court. The defendant justified as sheriff of the county of New York, under an attachment duly issued out of said court, in an action in which one Egan was plaintiff, and Simon H. Friedmann was defendant, and upon the trial "the sheriff's counsel offered to prove that the sale from Friedmann to the plaintiff of the property claimed was a mere error; that, therefore, the property was Friedmann's, and not the plaintiff's." The plaintiff's counsel objected to the evidence on the ground that the attachment having been set aside by order of the general term, the sheriff could not question the *bona fides* of the plaintiff's title. The court sustained this objection and excluded the offer, and sheriff's counsel excepted. A motion was thereafter made for a new trial, and Mr. justice McADAM granted the motion, holding that as the attachment was not void, the order setting it aside might affect the party who issued it, but not the ministerial officer who was by law obliged to execute it (*citing Crocker on Sheriffs*, sec. 285; *Horton* agt. *Hendershot*, 1 *Hill*, 118), and that the sheriff had the right to test the *bona fides* of the sale from the defendant in the attachment to the plaintiff (*citing Frost* agt. *Mott*, 34 *N. Y.*, 255; *Hall* agt. *Stryker*, 27 *N. Y.*, 596; *Richey* agt. *Stryker*, 28 *N. Y.*, 45). This order was upon appeal affirmed by the general term of the marine court, thereupon the plaintiff appealed to the common pleas, general term.

*F. C. Cantine*, for plaintiff and appellant.

*Vanderpoel, Green & Cumming*, for defendant and respondent.

Deutsch agt. Reilly.

DALY, *Ch. J.* — The question in this case is a very plain one. The attachment was an ample protection to the sheriff as against the defendant in the attachment, whether it was irregularly issued or not; for the sheriff is bound to obey the mandate of the court, and the process protects him. But it is no protection for taking the property of another person than the defendant, for that he was not commanded to do by the process. He was simply commanded to take the property of the defendant, and if he takes the property of a stranger he must answer to the stranger the same as any other wrong-doer (*Decker* agt. *Bryant*, 7 *Barb.*, 182; *Frost* agt. *Willard*, 9 *id.*, 440; *Shelden* agt. *Van Buskirk*, 2 *N. Y.*, 477; *Bullis* agt. *Montgomery*, 50 *N. Y.*, 352).

In *Horton* agt. *Henderson* (1 *Hill*, 119), the case upon which the general term relies, no such question existed as the one presented here; for there the constable against whom the action was brought took the property of the defendant in the attachment, as he was commanded by it to do; and the court held that the attachment, though void, protected the officer who, as he was bound to do, had simply obeyed its mandate. No such question, therefore, was presented or passed upon as taking the property of a party who was not the defendant in the attachment.

Where that is done it is wholly immaterial whether the attachment was void or valid; for in neither case does it afford any protection to the officer for doing an act which he was not by the process commanded to do.

If the property, although belonging to the plaintiff, had been in the possession of the defendant in the attachment when it was taken, then, as this was an action of replevin, a question would have arisen as to whether the action could be maintained, for it has been held that where property levied upon by execution was, at the time of the levy, in the possession of the defendant in the execution replevin will not lie against the sheriff for property thus taken as in the custody of the law (*Hall* agt. *Tuttle*, 2 *Wend.*, 475); but if taken out

of the possession of one not the defendant in the execution replevin will lie, for it is not then in the custody of the law (*Clark* agt. *Skinner,* 20 *Johns.,* 465).

The property in this case, when it was taken by the sheriff, was not in the possession of Friedmann, the defendant in the attachment, but in the possession of the plaintiff, to whom Friedmann had sold it before the attachment issued and replevin would consequently lie to recover it.   The defendant offered to show that the sale by Friedmann to the plaintiff was fraudulent; but this he was not enabled to do for, as between Friedmann and the plaintiff, the transfer was valid, and the plaintiffs in the attachment not being judgment creditors, were not in a position to impeach the transaction.

The verdict for the plaintiff was right, and this being an appeal from an order granting a new trial the decision of the general term should be reversed with the order granting a new trial, and the judgment rendered for the plaintiff affirmed.

I concur, G. M. VAN HOESEN, J.

NOTE. — A motion subsequently made for leave to go to the court of appeals was denied by the common pleas, general term.   [REP.

---

# SUPREME COURT.