FANNY B. HAIGHT, RESPONDENT, v. JAMES C. BRISBIN AND MORGAN B. MOE, APPELLANTS, IMPLEADED, ETC.

Sureties on an executor's bond — when an action lies against them before any order or claim against the executor has been made in the Surrogate's Court — Code of Civil Procedure, sec. 2607.

In this action, brought against the principal and sureties on a bond, conditioned that the principal should faithfully discharge the trust reposed in him as executor and trustee, the complaint set forth two causes of action. The first count alleged that the executor had been guilty of gross neglect and bad faith in omitting to sell the real estate of the deceased and to invest the proceeds thereof as required by the will, and demanded judgment for the damages resulting therefrom. The sureties demurred to the entire complaint, upon the ground that it was not alleged that the default of the executor had been established against him by an order or decree of the surrogate.

Held, that as the demurrer was to the entire pleading, it should be overruled, if either of the causes of action was well pleaded.

That the Surrogate's Court had no jurisdiction over the first cause of action seeking to recover damages. That consequently no judgment or decree for that breach of the executor's duty could be obtained in that court, and the demurrer to the complaint in this action was, therefore, properly overruled. (LEARNED, P. J., dissenting.)

Hood v. Hood (85 N. Y., 561) distinguished.

APPEAL from an interlocutory judgment, entered upon an order overruling a demurrer interposed to the complaint.

P.. C. Ford, for the appellants.

E. F. Bullard, for the respondent.

# 580                    HAIGHT v. BRISBIN.

BOCKES, J. :

Appeal from an interlocutory judgment overruling a demurrer to the complaint.

The action is on a bond, conditioned that the defendant Giles S.. Brisbin should faithfully discharge the trust reposed in him as executor and trustee under the will of Catharine S. Bailey, deceased. The complaint contains two counts. The demurrer is to the entire pleading on the ground that it does not state facts sufficient to constitute a cause of action. If therefore either be good the demurrer was properly overruled. The point of the demurrer is this : that the liability of the sureties (the parties demurring) is not shown in and by the complaint, inasmuch as it contains no averment that the default of the executor had been established against him by the order or decree of the Surrogate's Court, and we are cited to section 2607 of the Code of Civil Procedure, and to *Hood* v. *Hood* (85 N. Y., 561) in support of this objection to the pleading. The answer of the plaintiff's counsel to this objection is that the first count in the complaint charges a breach of the bond in this ; that the executor had been guilty of gross neglect and bad faith in omitting to sell the real estate of the deceased and to invest the proceeds thereof as directed and required in and by the will, and that over such breach and as to such ground of action the Surrogate's Court had no jurisdiction. Undoubtedly, the counsel is right in his position that the surrogate had no jurisdiction over this subject. If so, the plaintiff is pursuing the only remedy available, or that can be made available to her. The case of *Hood* v. *Hood* does not determine the point against the plaintiff. There the action was brought to compel an *accounting* by the executrix and executor, and to charge the executor *with funds* of the estate alleged to have been misapplied and converted by him to his own use, and to compel his sureties to pay the sum or amount with which he should properly be charged. That was a matter over which the surrogate had jurisdiction. Not so here. This suit is for damages, not to recover a balance to be found due on an accounting. How much may be recovered, or whether the recovery can be more than nominal, is not a question here before us. That will become matter of proof on the trial. Here it was impossible to obtain a judgment or decree in the Surrogate's Court for

the breach of the bond counted on. In such case an action may be maintained for such breach by the injured party without attempting an impossibility. ( *Williams* v. *Kiernan*, 25 Hun, 355 ; *Haines* v. *Meyer*, Id., 414, and cases there cited.) The doctrine of these cases is not impugned by the decision in *Hood* v. *Hood*. That case holds this, and this only, that where the remedies required to be pursued may be pursued, they must be resorted to. But the rule is there recognized that where special circumstances exist showing a necessity for the interposition of the court in order to the attainment of a right, and those circumstances are stated, the court will not hold that which is impossible to be a bar to an action for relief.

It is further urged, by the appellant's counsel, that section 814 of the Code of Civil Procedure saves the pleading from the objection urged to it. It is insisted that no provision is specifically made by law for the prosecution of the bond counted on, because of the breach here alleged. Believing that the appellant's case may well stand on the point above considered, we need not here examine this question.

We are of opinion that the interlocutory judgment appealed from should be affirmed.

Interlocutory judgment affirmed, with costs, but with liberty to answer over on the usual terms.

LANDON, J., concurred.

LEARNED, P. J. (dissenting):

I understand that the case of *Hood* v. *Hood* (85 N. Y., 561) holds distinctly that no action can be maintained against the sureties on an executor's bond save in case of disobedience of some order of the surrogate. So it is expressly stated at page 574.

In the present complaint the plaintiff alleged gross neglect on the part of the executor, in failing to sell the real estate. Still, until there has been an accounting, it does not appear whether, on the whole, he is in default.

Again, the bond was given in 1882. In August, 1884, the plaintiff recovered damages against the executor in a common-law action, for neglect to execute his trust. There is no allegation that

this neglect occurred subsequeutly to the execution of the bond. The executor had been acting since 1871.

It is suggested that on an accounting of the executor and testamentary trustee, before the surrogate, he could not be charged with damages for a neglect of duty in not selling the land. The surrogate has now jurisdiction to pass the accounts of a testamentary trustee. (Code, § 2802 *et seq.*)

A negligent administration of assets, defeating the rights of parties, amounts to a *devastavit*. (Williams' Executors, 1804 *et seq.*) On an accounting, if an executor has neglected to sell stocks which he was directed to sell, and thereby has caused a loss to the estate, he may be charged on an accounting. (Daly's Estate, 1 Tucker, 95 ; see, also, Code, § 2817, sub. 2.) It is very common on an accounting to charge executors for loss occasioned by improper investments. I see no reason why they may not be charged for any other injury to the estate or to the parties interested. Indeed it seems to me quite doubtful whether an action at law will lie by the *cestui que trust* against a trustee for misconduct, while the trust is still in existence. (*Dias* v. *Brunell's Executor*, 24 Wend., 9 ; Hill on Trust., 518 ; Pomeroy's Eq., § 1080.) " In general a trustee is only suable in equity in regard to any matters touching the trust. But if he chooses to bind himself by a personal covenant in any such matters he will be liable at law." (Story's Eq., §§ 975a, 962, 974.) A *cestui que trust* cannot bring an action at law against the trustee while the trust is still open. (*Johnson* v. *Johnson*, 120 Mass., 465 ; *Davis* v. *Coburn*, 128 id., 377 ; *Congdon* v. *Cahoon*, 48 Vt., 49.)

It seems to me a novel doctrine that the question whether a trustee has neglected to perform some trust duty should be decided by a jury, and that a jury should award damages. I should have supposed that a trustee was entitled to the protection of a court of equity on the question between him and his *cestui que trust* respecting the performance of a trust duty. But however this may be as to the executor and trustee himself, the right of sureties not to be sued until after the executor or trustee has disobeyed some order of the surrogate, appears to me to be established beyond question in *Hood* v. *Hood*.

Therefore I think the judgment should be reversed.

Judgment affirmed, with costs.