The following is the opinion below:
Daniels, J.
This action was brought to recover money charged to have been unlawfully obtained, and for money misappropriated by the defendant, Lorenzo Dimick, while acting as an insurance agent for the plaintiff, and an attachment was obtained therein against Ms property on the 5th day of October, 1887. His property was seized by the sheriff by virtue of the attachment. While the attached property was in this manner held by the sheriff, and on the 3d day of November in the same year, another attachment was obtained in favor of the Continental Insurance Company in an action commenced by it against the same person, under which the same property was again attached by the sheriff, and on the 12th day of December, 1887, motion papers were served in behalf of the second attaching creditor to vacate the first attachment, and this motion was denied in February, 1888, on account of the insufficiency of the affidavits made to show the issuing and service of the second attachment. Leave was given to amend this motion, and further motion papers were served soon thereafter, and that motion has been continued until it was recently and finally submitted for decision.
The affidavits presented in favor of the Continental Insurance Company now sustain the necessary facts to entitle it to make this motion, and the notice by an amendment permitted to be made fully presents the objections deemed to exist to the papers upon which the plaintiff’s attachment was issued. Upon the argument of the motion the plaintiff’s counsel proposed to read further affidavits' in support of its attachment, and in case they should be received, the counsel for the Continental Insurance Company presented still further affidavits to meet and avoid those in this manner offered for the plaintiff. But as the affidavits served with *42 the notice of motion go no farther than to prove that the Continental Insurance Company had acquired the rights of an attaching creditor, and was, therefore, regular in making its motion, further affidavits on the part of the plaintiff cannot be received. Where the motion is founded solely upon objections to the original papers, as this motion has been, there neither the Code, nor the practice which has grown up under its provisions, permit the preceding attachment to be sustained by the use of additional affidavits to those on which it has been issued, Code Civil Pro., § 682-3; Sutherland v. Bradner, 34 Hun, 519; Ruppert v. Haug, 87 N. Y., 141; Head v. Wollner, 58 Hun, 615; 25 St. Rep., 645; Buhl v. Levy, 41 Hun, 61; 2 St. Rep., 270, and it necessarily follows, as these affidavits must be rejected, that a like disposition must be made of those proposed to be read in reply, and the motion must be decided upon the effect of the affidavits upon which the plaintiff’s attachment was obtained.
It does appear from these affidavits that the plaintiff had a just cause of action against the defendant Dimick for the recovery of money fraudulently obtained by him, and which he misappropriated while he was acting as and in the capacity of the plaintiff’s agent, and that the amount stated to be owing by him was over and above all counterclaims known to the plaintiff or to its managing agent in the United States, by whom one of the principal affidavits was made. It was then added that this defendant had been indicted, tried and convicted on one of the fraudulent charges made against him. That he had afterwards appealed from the judgment to the general term, which reversed his conviction, and the case was then appealed to the court of appeals, which reversed the order of the general term and affirmed the conviction by a decision announced on the 4th day of October, 1887. It was then stated, on information and belief, that on the decision becoming known at the city of Buffalo, where the defendant then resided, he had absconded and fled to Canada, where he then was, and that he had departed from this state to evade his sentence of five years imprisonment, and also for the purpose of defrauding his creditors. That he did leave this state in this manner is manifest from the further affidavit made by Frank B. Grimm, who, as a detective, was employed to follow and watch his movements. He swore that Dimick entered the office of his counsel shortly after one o’clock, on the same day, where he remained three or four minutes, and that “he then came out, went tó Niagara square, I following him, took a car on Niagara street to Hertel avenue; at the barns on Niagara street, I got out of the buggy in which I was following him ; got aboard the car and rode on the rear platform, he riding on the front platform; at Hertel avenue Lorenzo Dimick got out and walked down to the ferry, and I followed him ; in order not to attract his attention, I went out to the end of the dock, leaving the said Lorenzo Dimick about the waiting-room ; when I returned to the waiting-room he had gone and I could not find him, though I diligently searched for him; he was not in the neighborhood ; I saw a small row-boat out in the river with a passenger in the stern, and I afterwards learned that that *43 man was Lorenzo Dimick.” This affidavit so far confirmed the affidavit of the managing agent as to establish the fact that this defendant had left the state and escaped to Canada to avoid imprisonment under the sentence pronounced upon him under his conviction upon the indictment. This departure was, evidently hasty and intended to be permanent, following information of the affirmance of his conviction. It does not appear that he took his property with him, or made any disposition of it, ■or of any part thereof, before or in anticipation of his flight. All that was shown was that it was probable that he had heard of the decision of the court of appeals against him, and that upon the impulse produced by that information he fled to Canada to avoid punishment. That was evidently his sole motive, and the facts, therefore, failed to support the conclusion that it was any part of his design by his flight to defraud his ■creditors. His object was to avoid punishment and that alone.
If it had been to-defraud his creditors the step would probably have been taken before. But so far from contemplating it, he remained in the state as he previously had, until knowledge of this adverse decision came to him, and then immediately took his departure into a foreign country. One construction only can be placed upon this act, and it is that which has already been stated.
The attachment was obtained the day following the defendant’s flight. And to comply with the requirements contained in § 641 of the Code of Civil Procedure, that it must briefly recite the grounds for it, the statement was made in it “ that the defendant, Lorenzo Dimick, a resident of this state, had departed therefrom with intent to defraud his creditors.” That he, as a preceding resident of the state, had departed from it, was true in fact, but that this departure was the result of an intention to defraud his creditors did not follow, but was an incorrect assertion. And, so far as the attachment may have depended upon this recital, it was irregular. First National Bank of Marietta v. Bushwick Chemical Works, 25 St. Rep., 830; 17 Civ. Pro., 229.
But this error in the recital, irregular as it is in this respect, will not require the attachment to be vacated, either on the defendant’s application, or that of the subsequent attaching creditor. Por the motion to vacate by either has not been expressly provided for on account of a defect of this nature contained in the .attachment itself. But it has been provided that it “ may be founded only upon the papers upon which the warrant was granted," which are clearly distinguished from the attachment by the reasonable as well as clear import of this language, “ or it may be founded upon proof by affidavit, on the part of the defendant,” which in like manner provides for the employment of means differing from the attachment itself. And these are the only modes in which the motion has been specially provided. Code Civ. Pro., §§ 682, 683. In the first case it has been restricted to the papers on which the warrant has been issued, and in the second to affidavits served on behalf of the moving party, when it may be resisted by further affidavits in support of the attachments. The *44 motion to dismiss because of an erroneous recital in the attachment must, therefore, depend, if it can be maintained at all, on the general practice provided for the correction of mere irregularities, and when it may be so made it becomes subject to the power of the court to alllow them to be corrected.
This power is very broad, so much so as to include this objection. By § 721 of the Code of Civil Procedure, various defects are enumerated which may be corrected and supplied, and § 722 has been made to include any others of like nature not being against the right and justice of the matter, which must, when necessary, be supplied and the proceeding amended. And the following section has still further broadened this authority by including within it any process, pleading or other proceeding. The attachment is a proceeding, and the authority to amend it has-been extended to a mistake in any respect, and then it .has been directed that “ in every stage of the action the court must disregard an error or defect in the pleadings or other proceedings which does not affect the substantial rights of the adverse party.”
This misrecital in no respect produced any injury to the defendant, or the Continental Insurance Company. But so far as each are interested, it was entirely and completely harmless. It was, at most, an irregularity without injury, and, therefore, to be either amended as a matter of course, or disregarded; and these directions have been so understood and followed in other cases, Kibbe v. Wetmore, 31 Hun, 424; Viadero v. Viadero, 7 id., 313, and they may properly.be here applied.
It is not important that the defendant in the attachment, or his executrix, against whom the action has been revived since he became deceased, is not a party to the motion, for that has not been made, essential to the exercise of the authority by these sections of the Code provided. But whenever the proceeding containing any of the defects referred to is brought before the court, it is to be corrected or the defect disregarded. Presenting the objection founded on the mistake, or defect, will at once bring the power to amend into activity, to be followed and applied to its correction. And that this is a proper case for the correction follows from the fact that the affidavits proved the fact to be that Dimick, although previously a resident of the state, had departed from it under circumstances evincing his intention to be not to return again, but to remain away from the state, and that at once terminated his residence in the state.
From that time and his arrival there, he became a resident of Canada, which was the ground upon which the Continental Insurance Company obtained its attachment. No length of residence was necessary to produce this change, but it was effected when he left this state, as he must be inferred to have done, and took up his residence in Canada to avoid the punishment he had incurred for the violation of its laws. The case is unembarrassed by the uncertainty which was presented in Mayor v. Genet, 4 Hun, 487; affirmed, 63 N. Y., 646, for his departure from the state could not surely be made to appear, but yet it was held that he had probably departed from its boundaries and could be held *45 to have become a resident of some other state or country. In this case no reason arises for doubting the fact that this defendant did leave this' state and proceed to another country, intending there to take up his immediate residence and to remain, which at once ended his residence here and transferred it to Canada.
Butler, Stillman & Hubbard (Ansley Wilcox, of counsel), for app’lt; Evarts, Choate & Beaman (Henry W. Hardon and Treadwell Cleveland, of counsel), for resp’t.
The residue of the recital in this attachment has also proceeded so far as to suggest the making of a change of residence by the debtor; for it is said that he “ has departed therefrom,” and the additional fact that this was with the intent to defraud his creditors indicates the departure to have been permanent for the time, from which it might be plausibly inferred that he had ceased to be a resident of this state. But without depending upon this criticism, it must, under the authorities, as well as the statutes, be held that whatever error or misrecital has taken place has been in no way injurious to the defendant or the Continental Insurance Company, and must be either disregarded or allowed to be amended.
The motion will, therefore, be denied, without costs; and if the plaintiff shall elect to amend this recital, it will be allowed to be ¿.one by stating the non-residence of the defendant in its attachment, on payment of ten dollars costs of opposing the motion.
Plaintiff’s motion to dismiss appeal denied, with ten dollars costs and disbursements.
Order appealed from affirmed on opinion of Daniels, J., at special term.
Dwight, P. J., Macomber and Lewis, JJ., concur.