## SMITH v. HOLT.

(Supreme Court, Appellate Division, Third Department.   January 11, 1899.)

1. CONVERSION—POSSESSION.
   Actual possession of property at the time of its seizure under attachment is sufficient on which to base an action for conversion.

2. SHERIFFS—UNLAWFUL SEIZURE.
   Where plaintiff is in possession of property at the time of its seizure by an officer under attachment against a third person, the sheriff, in an action against him for the seizure, cannot attack plaintiff's title without showing jurisdiction of the justice to issue the warrant under which he assumed to take the property.

3. ATTACHMENT—AFFIDAVIT.
   Under Civ. Code, § 2906, providing that an affidavit of attachment must show that the sum claimed was due, over and above all counterclaims known to plaintiff, an affidavit by plaintiff's salesman that the sum claimed is due, over and above all claims known to deponent, is insufficient.

4. SAME.
   An affidavit by the salesman of the assignor of a claim forming part of plaintiff's demand, stating that the amount was due and owing the assignor at the time of the assignment of plaintiff, over and above all payments and counterclaims, is insufficient, as not showing the counterclaims were against plaintiff.

5. SAME—ABSCONDING DEBTOR.
   An affidavit of attachment, stating that when affiant called at defendant's store the same was closed, that defendant was not there and could not be found, and that defendant's wife said she would continue the business in his place (all other matters, including the fact that defendant had absconded in consequence of a criminal charge, being stated on information and belief, without stating the sources of information or the grounds of belief), is an insufficient showing that defendant had assigned or disposed of his property, or intended to do so, with intent to defraud, or that he had absconded or kept himself concealed with such intent.

Appeal from trial term, St. Lawrence county.

Action by Lorenzo Smith against Marvin Holt for conversion.   From the judgment rendered, defendant appeals.   Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Charles H. Searle, for appellant.
Joseph George, for respondent.

PUTNAM, J.   It was shown that the plaintiff was in the actual possession of the property described in the complaint at the time of the seizure thereof by the defendant under the warrant of attachment. This was enough, without any other evidence of title, to authorize the maintenance of the action.   Van Etten v. Hurst, 6 Hill, 311, 312; Wheeler v. Lawson, 103 N. Y. 40, 8 N. E. 360; Stowell v. Otis, 71 N. Y. 36.

The plaintiff being thus in the possession of the property at the time of its seizure by the defendant under an attachment against a third party, the defendant was not in a position to attack the plaintiff's title, or the validity of the sale from Wallace H. Kenyon to his wife, or from the latter to the plaintiff, without showing the jurisdiction of the jus-

tice who issued the warrant of attachment under which the defendant assumed to take the property. Decker v. Bryant, 7 Barb. 182; Van Etten v. Hurst, supra (page 313); Davis v. Marshall, 14 Barb. 96; Halsey v. Christie, 21 Wend. 9; Van Kirk v. Wilds, 11 Barb. 520; Tiffany v. Lord, 65 N. Y. 310. The case is different where the officer granting the attachment had jurisdiction, but the warrant is afterwards vacated for error. Day v. Bach, 46 N. Y. Super. Ct. 460; Lux v. Davidson, 56 Hun, 345, 348–350, 9 N. Y. Supp. 816. The authorities cited by the learned counsel for the appellant, holding that a ministerial officer is protected by process regular on its face, although issued without jurisdiction, are not, we think, applicable to a case like this, where the officer, under an attachment against the property of Kenyon, claimed to hold the property of the plaintiff, who was not a party to the action in which the attachment was issued. See Noble v. Holmes, 5 Hill, 194; Sheldon v. Van Buskirk, 2 N. Y. 473.

It will be observed that the trial court, although holding that the defendant was not in a position to attack the validity of the transfers of the property in question to the plaintiff, permitted him to show, if able to do so by competent evidence, that no transfer was in fact made. It is well settled that a court or officer is without jurisdiction to issue a warrant of attachment when the affidavits presented to him are defective. See Clearwater v. Brill, 61 N. Y. 625. We are of the opinion that the trial court did not err in holding that the attachment issued in the justice's court in the action in favor of Thomas R. and Frank E. Thomas against Wallace E. Kenyon, under which the defendant claimed the property in question, was a void process. It was issued on the ground "that the said defendant has assigned and disposed of, and is about to assign and dispose of, his property, with intent to defraud his creditors; has departed from Governeur, and keeps himself secreted, with intent to avoid service of process and summons, and has absconded from Governeur, his past place of business and residence."

Three affidavits were filed with the justice to obtain the warrant. Under section 2906 of the Civil Code, it was requisite that the affidavit or affidavits should show that the sum claimed in the action was due, over and above all counterclaims known to the plaintiff. One of the affidavits in question (that of John B. Wright, a salesman of the plaintiff) stated that the sum claimed was due over and above all counterclaims known to deponent. The only other affidavit as to a counterclaim (that of Charles A. Woodward, a salesman of Stevens & Lockhart, whose claim of $56.71, assigned to the plaintiff, formed a part of the demand the plaintiff sought to recover) stated that said amount of $56.71 was due and owing to said Stevens & Lockhart, at the time of the assignment of the claim, over and above all payments and counterclaims. This affidavit did not show or tend to show whether or not the defendant Kenyon had counterclaims against the plaintiffs in the action, or any knowledge in that regard. The affidavits in the regard stated were insufficient. Hart v. Bernau (Sup.) 22 N. Y. Supp. 296; Lyon v. Blakesley, 19 Hun, 299; Thorington v. Merrick, 101 N. Y. 5, 3 N. E. 794. The affidavits also failed to show that the defendant Kenyon had assigned or disposed of his property with intent to defraud creditors, or intended to do so, or that he had absconded or kept himself

concealed with a like intent.   The affidavit of John B. Wright merely says that he had called at the defendant's late place of business, and that he was not there and could not be found, and his store was closed. The conversation that he related he had with the defendant's wife was not material.   All the other statments in his affidavit were merely upon information and belief, without stating the source of his information or the grounds of his belief.  The affidavit of Eli P. Bacon states that on September 15, 1897, he had a warrant for the arrest of the defendant on a criminal charge, and that on the evening of that day the defendant absconded; that defendant's place of business was closed.   All the other allegations in his affidavit are upon information and belief, without stating the source thereof, or the grounds of his belief.   The averment in the affidavits that the defendant had absconded from the county on account of a criminal charge do not tend to show that he left to defraud creditors, but rather the contrary.   Insurance Co. v. Dimmick (Sup.) 22 N. Y. Supp. 1096.   Thus, the only facts shown in the affidavits on which the warrant of attachment was issued by the justice was that the defendant's place of business was closed; that his wife stated she would continue business  in his place; that the defendant had absconded in consequence of a criminal charge.   It is clear that the trial justice was right in determining that the affidavits were insufficient to confer jurisdiction.

We have examined the various exceptions taken on the trial, and are of the opinion that neither of them calls for a reversal of the judgment.   The judgment and order should be affirmed, with costs.   All concur.