## LEIBMAN et al. v. ABRAMSON.

### LEIBMAN v. SAME.

(Supreme Court, Appellate Term. December 28, 1899.)

TROVER AND CONVERSION—EVIDENCE.

In an action against a marshal to recover damages for the seizure and conversion of plaintiff's goods under a writ directed against another, testimony of plaintiff as to whose possession the goods were in when seized is competent.

MacLean, J., dissenting.

Appeal from municipal court, borough of Manhattan, Fifth district.

Two actions,—one by Tobias Leibman and another against Samuel I. Abramson, as one of the marshals of the city of New York, and the other by Hirsch Leibman against same defendant. Judgment for defendant in both cases, and plaintiffs appeal. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and MacLEAN, JJ.

Abraham H. Sarasohn, for appellants.
Emanuel Hertz, for respondent.

FREEDMAN, P. J.  These actions were brought by the plaintiffs to recover damages for the alleged conversion of personal property. They are both founded upon the same state of facts, and were tried as one action, and the defendant had a judgment in each case.  The facts and circumstances out of which the alleged cause of action arose are substantially as follows:  The plaintiffs and one Louis Treibitsh were at one time co-partners and engaged in the tailoring business at No. 125 East Broadway, in this city.  Subsequently, and on or about May 1, 1899, this partnership was dissolved by the withdrawal of Treibitsh therefrom, and the business was continued by these plaintiffs in the same place.  On August 8, 1899, one Max Pine instituted a replevin action against Treibitsh for the recovery of the possession of several sewing machines claimed to have been purchased by him of Treibitsh.  A requisition was thereupon issued to the defendant herein, as one of the marshals of the city of New York, and by virtue of such requisition the marshal entered the place of business occupied by the plaintiffs, and seized and took into his possession several machines claimed to be owned by them, and to have been in their possession.  This action was thereupon brought against him, and the question litigated upon the trial was, in whose possession was the property at the time of the seizure thereof by the defendant?  That such an action lies, at the instance of the owner or of the person entitled to the possession of property, against the marshal or sheriff who has taken the same, by virtue of replevin process, from the owner or person entitled to such possession, and other than the defendant named in the writ, has been decided in many cases.  Deutsch v. Reilly, 8 Daly, 132; Bullis v. Montgomery, 50 N. Y. 352; Otis v. Williams, 70 N. Y. 208; Stimpson v. Reynolds, 14 Barb. 506.  It therefore became necessary for the plaintiffs to show that they were in the actual possession of the property at the time the marshal seized the same.  Numerous questions similar in character and import to the following were asked of the plaintiffs, objected to by the defendant's counsel, and excluded by the court, to wit:  "When the marshal came and took the machines, in whose possession were the machines?"  These questions called for facts such as were material and necessary, and were addressed to witnesses who had knowledge of, and were competent to testify as to, those facts, and were proper and competent questions. De Wolf v. Williams, 69 N. Y. 621; Davis v. Peck, 54 Barb. 425; Casper v. O'Brien, 36 N. Y. Super. Ct. 574.  And the refusal of the trial judge to permit them to be answered was error for which a new trial should be granted.  None of the other points raised by the appellants need be considered.

Judgment reversed and new trial granted, with costs to the appellant to abide the event, in each case.

LEVENTRITT, J., concurs.

MacLEAN, J. (dissenting).  It was incumbent upon the plaintiffs herein to prove "actual possession or a right to the immediate possession" of the articles which were taken by the marshal under the

writ. If it had been shown, as it was apparently in De Wolf v. Williams, 69 N. Y. 621, that the questions involved matters "clearly within the knowledge of the witness, and not the expression of an opinion upon facts proven," they might have been admissible. But in this case each of the questions was "properly overruled for the reason that an answer to each of them called for a construction which the witness would place upon the facts, * * * or his opinion in reference to them." Nicolay v. Unger, 80 N. Y. 54. If the witnesses whom counsel for the plaintiffs practically asked, by the questions excluded, to determine the essential fact in the case, clearly had such knowledge as to make them capable of testifying to the construction which they placed upon the facts going to make up possession or title to possession, the plaintiffs easily might have had the competent evidence by properly asking therefor, which they neglected to do. The judgments should be affirmed, with costs.