(32 Misc. Rep. 13.)

### MITCHELL et al. v. ANDERSON.

(Supreme Court, Special Term, Erie County. June, 1900.)

1. ATTACHMENT—AFFIDAVIT.
    That one of the causes of action specified in Code, § 635, exists, is not shown by an affidavit for attachment merely alleging that the action is for recovery of money, that a cause of action exists in plaintiff's favor, that the amount of plaintiff's claim is a certain amount, and that the grounds of said claim and cause of action are the sale and delivery of certain butter, there being no allegation that the butter was in fact sold and delivered.

2. SAME.
    Acknowledgment by defendant of plaintiff's claim further than the payment made on it is not shown by the statement of an affidavit for attachment that deponent wrote to defendant demanding payment of the account, and that defendant replied, inclosing an assignment of a claim to be applied on plaintiff's claim.

3. SAME.
    Affidavit for attachment made by plaintiff's attorney that plaintiff's claim is a certain amount over and above all counterclaims and set-off

known to "deponent" does not show, as required by Code, § 636, "that the plaintiff is entitled to recover a sum stated therein, over and above all counterclaims known to him."

Action by John Mitchell and others against William E. Anderson. Motion is made to vacate a senior attachment. Granted.

Francis E. Wood, for the motion.

Fred O. Bissell, opposed.

KENEFICK, J. This motion is based upon alleged defects shown on the face of the affidavit upon which the senior attachment was granted. The affidavit is made by the attorney in the action, and it is apparent therefrom that he has no personal knowledge of the transactions out of which the alleged cause of action arises, or of any other transactions between the plaintiffs and defendant. It appears from the affidavit that the affiant, who resides in Buffalo, N. Y., received the claim from the plaintiffs, who reside in Dodgeville, Wis., and thereupon made efforts to collect it. The defects alleged will be briefly noticed.

1. It is claimed that the affidavit did not show that one of the causes of action specified in section 635 of the Code exists against this defendant. The portions of the affidavit bearing upon this question are as follows:

"That a summons has been issued in this action; that said action is for the recovery of money by the above-named plaintiffs against the above-named defendant. Deponent further says that a cause of action exists in favor of said plaintiffs against said defendant for which said action is commenced, and that the amount of the plaintiffs' claim in said action is six hundred and sixteen dollars and thirty-six cents ($616.36), and interest from the 19th day of July, 1899, over and above all counterclaims and set-offs known to deponent, and that the grounds of said claim and cause of action are the sale and delivery to said defendant by said plaintiffs of sixty-six tubs of butter of the price and agreed value of seven hundred one dollars and four cents ($701.04), on which price said defendant paid the sum of $84.68 on account on the 9th day of August, 1899."

The mere allegation that a cause of action exists is not sufficient. The cause of action must be disclosed. Manton v. Poole, 67 Barb. 331. Even if the affiant had personal knowledge of the transaction, there is no sufficient allegation of a cause of action. The affiant states that the grounds of said claim and cause of action are the sale and delivery to said defendant of certain butter, etc. "There is here no allegation that said goods were in fact sold and delivered, but only that plaintiff's claim is for goods sold and delivered." Glass Co. v. Roberts, 2 App. Div. 183, 37 N. Y. Supp. 857. Within the authority of the above case, the statement of the cause of action is clearly defective, unless the further allegation of the written demands made by the affiant, and of the payment of a portion of the account, cures the defect, and proves the existence of a cause of action. Upon this point the affidavit reads:

"That deponent received the above-mentioned claim in favor of said plaintiffs against said defendant on the 4th day of August, 1899. That on the morning of the 5th day of August, 1899, deponent personally called at the store of defendant, No. 171 Scott street, in said city of Buffalo, to make demand for the payment of said $701.04, due as aforesaid. That deponent was informed by a person in charge of said store that Mr. Anderson was not in town, but would return the afternoon of said 5th of August, and that he would

call Mr. Anderson's attention to the matter. That deponent left his card and a written demand on said defendant, and on the same morning wrote a note to said Anderson demanding payment of said plaintiffs' account. That on Monday, the 7th day of August, deponent received a communication from defendant, containing an assignment to deponent of a certain account in favor of said defendant against the J. W. Powell Company in the sum of $84.68, to be applied on account of said plaintiffs' claim, which said account deponent afterwards collected, and applied on said plaintiffs' claim."

It will be observed that no copy of the demands is attached, nor is there a statement of the contents thereof, nor is the communication from the defendant exhibited in which he transmits to affiant an assigned account in part payment of plaintiffs' claim. It does not appear from the affidavit that in affiant's written demands he specified the amount of the plaintiffs' claim, or that in defendant's reply transmitting the assigned account he admitted that any sum still remained due to the plaintiffs. I am constrained, therefore, to hold that there was not sufficient evidence before the judge who granted the attachment that a cause of action existed.

2. If, however, we assume that a cause of action was sufficiently shown, the affidavit fails to show "that the plaintiff is entitled to recover a sum stated therein, over and above all counterclaims known to him." Code, § 636. The affidavit, as before stated, is made by the attorney in the action, who states that the amount of plaintiffs' claims is $616.36 "over and above all counterclaims and set-offs known to deponent." It is not the knowledge of the agent or attorney which the Code section requires, but the knowledge of the plaintiff; and allegations such as the one above quoted have been repeatedly held to be defective. Murray v. Hankin, 30 Hun, 37; Smith v. Arnold, 33 Hun, 484; Same v. Holt, 37 App. Div. 26, 55 N. Y. Supp. 731. As above pointed out, it does not appear that the defendant, at the time he sent the assigned account in response to the demand of plaintiffs' attorney, admitted that he owed the plaintiffs any further sum. Thus the defective allegation was not cured by any admission of the defendant. For the above reasons the attachment is vacated, without costs.

Attachment vacated, without costs.