CITY OF TOLEDO, APPELLEE, *v.* BERNOIR, APPELLANT.

96

(No. 68-267—Decided May 14, 1969.)

*Mr. Dean A. Manson,* for appellee.
*Mr. Loren G. Ishler,* for appellant.

SCHNEIDER, J. On the meager facts supplied by the stipulation, the question is whether the provisions of Ohio's

Financial Responsibility Act (Section 4509.01 *et seq.*, Revised Code) confer upon the Registrar of Motor Vehicles the authority to require a security deposit from an owner of an automobile involved in an accident and to impose that requirement by suspending his license and registration when the vehicle was being operated by the owner's spouse, the owner not occupying the vehicle at the time and not having applicable liability insurance coverage. Answering the question in the affirmative, we affirm the judgment of conviction for failure of the owner to surrender his driver's license and automobile registration.

Section 4509.12, Revised Code, reads in pertinent part:

"(A) The Registrar of Motor Vehicles, upon the expiration of twenty days after the receipt of a motor vehicle accident report . . . shall determine the amount of security which is sufficient to satisfy any judgments for damages resulting from the accident *as may be recovered* against each *driver* or *owner* involved in the accident. . . . This determination shall not be made with respect to drivers or owners who are exempt under Sections 4509.14 to 4509.78, inclusive, of the Revised Code from the requirements as to security and suspension." (Emphasis supplied.)

Under that statute, the Registrar of Motor Vehicles is not authorized to make a judicial determination of negligence or agency. To substantiate his request for a security deposit from a non-driving owner who is not otherwise specifically excepted from such requirement, he is only to determine whether there may be a reasonable possibility of a judgment for damages against that owner under some legal theory of liability either under the doctrine of *respondeat superior* or the doctrine of negligent entrustment (*Gulla* v. *Straus*, 154 Ohio St. 193, *Mt. Nebo Baptist Church* v. *Cleveland Crafts Co.*, 154 Ohio St. 185; *Williamson* v. *Eclipse Motor Lines, Inc.*, 145 Ohio St. 467; *Wery* v. *Seff*, 136 Ohio St. 307; *Elliott* v. *Harding*, 107 Ohio St. 501) or by reason of a defective condition of the vehicle for

which he was responsible (See 60 Corpus Juris Secundum 1055, Motor Vehicles, Section 430, and compare *Gabris* v. *Blake*, 9 Ohio St. 2d 71).

Appellant contends, however, that no basis whatsoever existed for the registrar to conclude that a judgment might be obtained against him as the owner of the automobile involved in the accident. Of course, we are unable to ascertain from the record precisely what facts were known to the registrar. But we assume that it was known to him, as it is now known to us, that the owner's spouse was the driver of the vehicle and that the owner was not a passenger. In the absence of evidence to the contrary, the registrar was reasonably warranted in proceeding upon the presumption, that the owner's spouse was driving his motor vehicle with his permission. This is sufficient to give rise to the possibility that the owner may be liable for damages arising out of the accident. It would seem then, despite the paucity of facts in the record before us, that a valid basis existed for the registrar to require a security deposit from the appellant.

The Financial Responsibility Act permits submission of evidence in addition to the accident report upon which the registrar shall base his determination of security required. See Sections 4509.12(B), 4509.13 and 4509.19(B), Revised Code. The appellant may not complain of the registrar's determination when he himself apparently failed to come forward with any evidence to show an impossibility of liability upon his part.

Additionally, Section 4509.04, Revised Code, subjects the registrar's order of suspension of a driver's license and revocation of a vehicle registration to the Administrative Procedure Act, Section 119.01 *et seq.*, Revised Code. Under Section 119.06(B), Revised Code, the registrar's order suspending a license and revoking a registration without a prior hearing is valid. But under subsequent provision of that statute the person to whom the order is issued must be afforded a hearing upon request. Appellant apparently failed to request a hearing. However, the fact that

an opportunity for a hearing is still open to him will not avail to invalidate his conviction.

In comparing our Financial Responsibility Act with that of sister states, we find that the courts have affirmed the validity of comparable statutes authorizing license suspension upon failure to show financial responsibility. *Ballow* v. *Reeves* (Ky.), 238 S. W. 2d 141; *Ohlson* v. *Mealey*, 179 Misc. 13, 37 N. Y. Supp. 2d 123; *Rosenblum* v. *Griffin*, 89 N. H. 314, 197 A. 701. The reasoning of those cases is equally applicable to sustain the conviction in this case, since the determination of the security required does not in any sense predetermine the question of liability of the owner, which can only be decided in a judicial proceeding. The validity of Ohio's statutory system finds additional support from the availability of hearings under the Administrative Procedure Act, to which reference has been made. See *Escobedo* v. *State*, 35 Cal. 2d 870, 222 P. 2d 1.

Appellant next contends that under the statute, as construed by the registrar and the courts below, there is danger of requiring an owner to post a security deposit for accidents caused by a thief driving his car. That risk is illusory. Section 4509.12(A), Revised Code, states that no security shall be required of drivers or owners exempted under other sections of the Act. Section 4509.19(A)(3), Revised Code, specifically exempts from depositing security "the owner of a motor vehicle if at the time of the accident the motor vehicle was operated without his permission, express or implied. . . ." Here again, appellant failed to come forward with any proof that the driver did not have his permission to operate his automobile on the occasion in question.

Finally, appellant urges that the use of the word "or" in the phrase "driver or owner" in Section 4509.12(A), Revised Code, means that the registrar may require a security deposit from either the driver or owner, but not from both. This argument cannot survive a reasonable application of the rule of construction stated in Section 1.02 (H), Revised Code: " 'And' may be read 'or,' and 'or'

may be read 'and' if the sense requires it." An examination of several other sections not heretofore mentioned clearly discloses that the manifest purpose of Chapter 4509, Revised Code, does so require.

For example, Section 4509.01(K), Revised Code, provides in part that " 'Proof of financial responsibility' means proof of ability to respond in damages for liability . . . arising out of the *ownership, maintenance, or use* of a motor vehicle. . . ." (Emphasis supplied.) Section 4509.02 (A), Revised Code, states that " 'Judgment' means any judgment . . . upon a cause of action arising out of the *ownership, maintenance, or use* of any motor vehicle. . . ." (Emphasis supplied.) Finally, Section 4509.11, Revised Code, provides that "Sections 4509.12 to 4509.30, inclusive, of the Revised Code apply to the driver *and* owner of any motor vehicle which is in any manner involved in a motor vehicle accident within this state." (Emphasis supplied.)

The goal of the Ohio Financial Responsibility Act is to promote safety and to provide a strong incentive for motorists to make themselves financially responsible. It is entirely reasonable to construe the Act as requiring both drivers *and* owners to be subject to its sanctions. See Reilly, *The Financial Responsibilty Law,* 28 Ohio Bar 429.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and DUNCAN, JJ., concur.

TAFT, C. J., concurs excepting in paragraph one of the syllabus.