The State of Ohio *v.* Williams.

(No. T-5100—Decided June 30, 1969.)

Municipal Court of Canton.

*Mr. J. Whitney Ake,* city prosecutor, for plaintiff.
*Mr. Louis H. Paar,* for defendant.

ing liquor or narcotic drugs, or opiates shall operate or be in actual physical control of any vehicle, street car or trackless trolley within this state."

In this statute the words "or be in actual physical control of any vehicle" have been added.

Section 4511.19, Revised Code, effective October 21, 1953, provides:

"No person who is under the influence of intoxicating liquor, narcotic drugs, or opiates shall operate any vehicle, streetcar, or trackless trolley within this state."

The words "or be in actual physical control of any vehicle" have been eliminated.

The case of *State* v. *Wilgus* (1945), 31 O. O. 443, attempts an analysis of the statute. On page 446, after discussion of the old and the new sections of the Code, Judge Copeland says:

"It is a well settled principal [*sic*] of law that when an existing statute is repealed, and a new and different statute upon the same subject is enacted, it is presumed that the Legislature intended to change the effect and operation of the law.

" 'When an existing statute is repealed and a new and different statute upon the same subject is enacted, it is presumed that the Legislature intended to change the effect and operation of the law to the extent of the change in the language thereof.' *County Bd. of Education* v. *Boehm*, 102 Ohio St. 292.

"The effect and operation of the law as changed is obvious:—it was changed to provide a penalty against one who is the sole occupant of an automobile, upon a public highway for two hours sitting behind the steering wheel with his feet on the pedals, the motor running, with hands, arms, head and shoulders slouched over the steering wheel, sound asleep and intoxicated.

"The Legislature must have had the instant case in mind when it enacted Section No. 6307-19 on September 6, 1941."

In *Toledo* v. *Best*, 172 Ohio St. 371, in comparing a city ordinance with Section 4511.19, Revised Code, the court has this to say:

"In the Recodification Act of 1953, Section 6307-19 (a), General Code, became Section 4511.19, Revised Code, and Section 6307-19 (b), General Code, became Section 4511.19 (B), Revised Code, without any substantial change.

"However, effective October 21, 1953 (125 Ohio Laws, 461), Section 4511.19, Revised Code, was amended to delete physical control as a possible statutory offense. * * *"

I have quoted from these sections of Ohio codes, and portions of legal opinions to point out the fact that *on at least three occasions* the Ohio Legislature has acted on statutes dealing with operating a motor vehicle while under the influence of alcohol. As will be noted, the 1936 statute made no mention of "being in physical control." The 1941 statute added the words, "being in actual physical control," thus broadening the coverage of the statute to include persons found sitting behind the wheel of a stationary automobile, and under the influence of alcohol. Section 4511.19, Revised Code, the present law and the one under which the defendant is charged, does not contain that portion, "being in actual physical control." It was eliminated from the statute by our lawmakers.

If the defendant was found operating a motor vehicle, a misdemeanor, in the presence of the arresting officer, the arrest would be legal. If, on the other hand, the defendant was not operating a motor vehicle in the presence of the arresting officer, the arrest would be illegal, and defendant's motion to suppress the evidence, should be sustained.

Before leaving this phase of this case, let us examine some cases holding a contrary view. *State* v. *Hatfield*, 1 Ohio App. 2d 346, the court held that if a person is found in his automobile in a state of intoxication he is therefore found violating a law of the state or an ordinance of a city and regardless of what charge, if any, is afterwards placed against the defendant, the arrest is legal.

In *Mentor* v. *Giordano*, 9 Ohio St. 2d 140, in an opinion filled with generalities, the court indicates that under some circumstances an intoxicated person sitting in a stationary automobile may be guilty of operating under the influence. We quote the second and third paragraphs of the syllabus:

"2. Penal statutes and ordinances are to be inter-

here there is no claim made that they were not, we think it clear that the Legislature may modify or even abandon the common-law distinctions between misdemeanors and felonies, so far as the power of arrest by a peace officer be concerned. For these reasons we conclude that Section 2935.03, Revised Code, as amended is constitutional."

It is quite clear from this case that the Legislature had a right to amend and broaden Section 2935.03, Revised Code, by giving the right to arrest without a warrant for certain offenses, on probable cause or reasonable grounds to believe that certain misdemeanors had been committed. However, as late as 1967, two years ago, this arrest statute was so amended and broadened, but not to include motor vehicle violations.

Had the Supreme Court in the *Giordano case, supra,* made a definite statement of the law or laid down definite rules and guidelines, this court would not hesitate to follow such ruling. These things we do not find in that case.

Although we are not necessarily bound by decisions of Appellate Courts beyond our jurisdiction, I have read with interest the decision and reasoning in the *Hatfield case, supra.* This decision would have been more impressive if the defendant had been charged with being drunk, and later the charge of operating under the influence added.

Recently at a conference of judges and prosecutors it was recommended that in cases where a person was found behind the wheel of an automobile, in an intoxicated condition, and there was evidence that said person had been operating said motor vehicle, that he or she be charged with being intoxicated and later any other provable charge could be added.

This court is of the opinion that to make an arrest for a misdemeanor legal the arresting officer must charge the arrested person with an offense committed in his presence.

Courts are criticized for making laws rather than interpreting the law, and in cases where the existing law is interpreted a great deal of reliance is placed on the intent of the Legislature.

In this case two statutes necessarily control the court's

decision. As hereinabove pointed out, the so-called driving drunk statute has been considered by the Legislature on three separate occasions. In its inception, "being in physical control of a vehicle," was not made a part thereof. This statute was repealed and a new statute enacted which broadened its coverage by incorporating, "being in physical control of a vehicle." The latest and present statute eliminated the words, "being in physical control of a vehicle."

If the lawmakers saw fit to exclude these words, why should a court say to the contrary?

For many years the so-called arrest statute definitely stated under what circumstances an officer might arrest a person without a warrant for a misdemeanor. Not until 1967 did our lawmakers see fit to change and broaden this statute. While so considering and extending its coverage, they still did not see fit to make any mention of and include motor vehicle violations.

Why should a court read into a statute and broaden its coverage to include a well known offense, when the Legislature failed so to do? Or, to define a word different from its ordinary and accustomed meaning?

The motion of the defendant to suppress the evidence is sustained.

*Motion sustained.*