BABCOCK ET AL., APPELLEES, *v.* BUREAU OF MOTOR VEHICLES, APPELLANT.

(No. 75AP-182—Decided October 21, 1975.)

*Miss Helene A. Witherspoon,* for appellees.

*Mr. William J. Brown,* attorney general, *Mr. Rodney B. Teague* and *Mr. Donald P. Muenz,* for appellant.

REILLY, J. The Ohio bureau of motor vehicles, the appellant herein, has filed the following notice of appeal:

"Notice is hereby given that the Bureau of Motor Vehicles is hereby appealing to the Court of Appeals of Franklin County, Ohio, Tenth Appellate District, from the order of the Common Pleas Court entering judgment for plaintiff and reversing the suspension of the Bureau of Motor Vehicles. This action was entered into on the ninth day of April, 1975."

The order appealed from is journalized as follows:

"This cause came on to be heard upon the record filed by appellee and the memoranda of counsel.

"The Court finds from the record that the appellant was the owner of the motor vehicle involved in the accident in question and not the driver.

"Appellee's motion to dismiss for failure to exhaust

administrative remedies is hereby overruled.

"Due to the above finding the Court is of the opinion that appellee's order is not supported by reliable, probative and substantial evidence.

"The appeal therefore is well-taken and the order of appellee is hereby reversed.

"Costs to appellee.

"To all of which appellee excepts."

The record indicates that, March 16, 1974, an automobile owned by George Babcock was involved in an accident on McKinley Avenue near Grandview Avenue, in the city of Columbus. He was not the driver or a passenger. There was no liability insurance in effect at the time of the accident for either the driver or owner. Later, September 24, 1974, there was an accident report filed by Earlene Babcock which did not include a statement concerning how the accident occurred or why the operator was allowed to drive. The other party in the accident also filed a report, and there was also a police report indicating how the accident happened. The issue of owner liability remained undetermined.

Subsequently, November 18, 1974, the bureau of motor vehicles sent Mr. Babcock a letter to the effect that, because he was an uninsured owner and his automobile had been involved in an accident, he was subject to the provisions of the Ohio Financial Responsibility Law. (R. C. Chapter 4509.) Moreover, he was advised that to comply with the law he could do one of the following: (1) present an agreement to pay or a release from liability signed by all parties to the accident; (2) post with the bureau of motor vehicles the sum of $500 to secure any possible judgments; or (3) request a pre-suspension administrative hearing, to determine if there was a reasonable possibility of a judgment against him arising from the accident. Furthermore, he was notified that he must perform within thirty days or his operator's license and motor vehicle registration would be suspended. He did not act within the time required.

Then, on January 2, 1975, the bureau sent Mr. Babcock a letter suspending his operator's license and regis-

tration; whereupon, he appealed this order to the Court of Common Pleas, which entered a judgment as indicated above. This appeal has now been perfected, including the following two assignments of error:

"1. The court of common pleas erred when it overruled appellant's Motion to Dismiss For Failure to Exhaust Administrative Remedies.

"2. The court of common pleas erred when it failed to follow *Toledo* v. *Bernoir,* 18 Ohio St. 2d 94 (1969) and sustain appellant's order as supported by reliable, probative and substantial evidence and in accordance with law as required by Section 119.12, Revised Code."

The assignments of error relate to the same basic issues and, therefore, are considered together. It scarcely requires emphasis that we are required to apply the law as it now stands. The administrative remedies, which must be exhausted, are included in R. C. 4509.13 and 4509.17. Specifically, R. C. 4509.13 reads as follows:

"The registrar of motor vehicles, within fifty days after receipt of report of any motor vehicle accident, or after receipt of additional evidence as may be requested by the registrar, and upon determining the amount of security to be required of any person involved in such accident shall give written notice to such person of the amount of security required to be deposited by him. Such notice shall inform the person of his right to a hearing if written request is made within thirty days of the mailing of the notice."

Moreover, R. C. 4509.17 includes the following, in pertinent part:

"Except as provided in sections 4509.01 to 4509.78 of the Revised Code, upon failure of any person to request a hearing as provided for in section 4509.13 of the Revised Code, or to deposit the security required under section 4509.12 of the Revised Code within thirty days after the registrar of motor vehicles has sent the notice provided for in section 4509.13 of the Revised Code, the registrar shall suspend the license of such person and the registrations of all motor vehicles owned by such person. * * *"

It is Mr. Babcock's contention that he is within the exception provided in R. C. 4509.19 as follows:

"(A) The requirements as to security and suspension in sections 4509.12 and 4509.17 of the Revised Code do not apply: * * *

"(3) To the owner of a motor vehicle if at the time of the accident the motor vehicle was operated without his permission, express or implied, or was parked by a person who had been operating such motor vehicle without such permission * * *."

The problem is that there is no affirmative evidence in the record to support this contention. The required fact-finding process and procedures are included in R. C. 119.09. This statute requires an administrative agency to act as follows: subpoena witnesses and records for all the parties in interest; determine the admissibility of evidence from both sides; require all testimony to be under oath; and appoint an impartial referee to conduct a hearing and make findings of fact and conclusions of law in writing. The examiner's recommendations shall be served upon a petitioner, as well as his attorney, in writing, allow for any objections, and review the totality of the evidence before making its final order, particularly granting petitioner the opportunity to present further additional testimony. Subsequently, the required order is served upon petitioner and his attorney, informing them as to how an appeal may be processed.

The statute requires that the fact-finding process and procedures included in R. C. 119.09 be followed. Otherwise, the adjudicatory process has not been completed. In that event, the Court of Common Pleas, in accordance with R. C. 119.12, cannot review a default adjudicatory order to determine if it is based upon reliable, probative and substantial evidence, because in point of fact there is no evidence before the court. In short, the only evidence allowed by R. C. 119.12 is that which is additional to the initial (R. C. 119.09) hearing, and is newly discovered or was unavailable at the time of such initial administrative hearing. In this case, there was no evidence offered to the agency,

pursuant to the required statutes; hence, there was no basis for additional evidence before the Court of Common Pleas.

Moreover, we note the syllabus of *Toledo* v. *Bernoir* (1969), 18 Ohio St. 2d 94, to wit:

"1. Where the Registrar of Motor Vehicles determines, as to a motor vehicle operated by anyone other than the owner but with his permission, express or implied, and involved in an accident causing injury or damage to the person or property of anyone other than the owner or driver, that the owner has no form of insurance or bond covering any liability of his for such damage, the registrar is authorized by Section 4509.12, Revised Code, to determine the amount of security sufficient to satisfy any judgment for damages as may be recovered against the owner, provided that the owner is not otherwise specifically excepted from the security requirement by Section 4509.19, Revised Code.

"2. In the absence of evidence to the contrary, the Registrar of Motor Vehicles may reasonably presume that the driver of a motor vehicle is driving it with the owner's permission.

"3. Under Section 4509.12, Revised Code, the Registrar of Motor Vehicles is authorized to determine only whether there is a reasonable possibility of recovery for damages against an owner under some legal theory of liability.

"4. Sections 4509.12(B), 4509.13 and 4509.19(B), Revised Code, authorize anyone involved in an accident, or an owner, to submit evidence, in addition to the accident reports required by Section 4509.06, Revised Code, from which the Registrar of Motor Vehicles may determine whether a security deposit is required or appropriate.

"5. Section 4509.17, Revised Code, authorizes the Registrar of Motor Vehicles, upon the failure of an owner to deposit the security as determined and required under Section 4509.12, Revised Code, to suspend the license and registration of motor vehicles belonging to such owner, regardless of whether the driver (where the owner was not the driver at the time of the accident in question) complies with any security requirement directed against him.

"6. Sections 119.06 and 4509.04, Revised Code, author-

ize an owner of a motor vehicle to request and be granted a hearing pursuant to Section 119.01 *et seq.,* Revised Code (Administrative Procedure Act), to determine the validity of the registrar's order suspending his driver's license and motor vehicle registration.''

The pre-suspension procedures included in R. C. 4509.-19 and 119.09 are designed to provide a complete legal remedy at the administrative level. A party who requests and appears at an administrative hearing may have a defense which would place him in one of the enumerated exceptions; or, even if he does not have a defense, can show that no reasonable possibility of a civil judgment being rendered against him exists. If so, he has complied with the requirements of the Ohio Financial Responsibility Law. The question is whether the record shows that Mr. Babcock failed to exhaust his administrative remedies. Additionally, *Toledo* v. *Bernoir, supra,* requires the reasonable presumption, in the absence of evidence to the contrary, that the driver was driving with the owner's consent.

We are not unmindful of the difficulty now involved for Mr. Babcock, and we indeed hope that some satisfactory administrative disposition may be concluded by the bureau of motor vehicles which is fair and equitable to all of the parties. This appellate court, however, is governed by the applicable law in the case. Therefore, we must reverse the trial court's judgment and enter judgment for appellant.

*Judgment reversed.*

STRAUSBAUGH, P. J., and HOLMES, J., concur.