State v. Bradley

---

STATE OF NORTH CAROLINA v. CHARLIE DOYLE BRADLEY, JR.

No. 7613SC706

(Filed 6 April 1977)

1. **Assault and Battery § 4— assault on law enforcement officer — lawful conduct of officer**

    The offense of assaulting a law enforcement officer while the officer is discharging or attempting to discharge a duty of his office presupposes lawful conduct of the officer in discharging or attempting to discharge a duty of his office.

2. **Arrest and Bail § 3; Assault and Battery § 15— officer making warrantless arrest — probable cause to make arrest — assault on officer**

    In a prosecution of defendant for assaulting a law enforcement officer while the officer was discharging a duty of his office, to wit, making a warrantless arrest of defendant's companion for driving under the influence, conflicting evidence raised for jury determination the factual question of whether the law enforcement officer had reasonable grounds to believe that defendant's companion was *driving*

State v. Bradley

the motor vehicle, and the trial court had the duty of instructing the jury on this question and the factual circumstances that the jury must find in determining whether the officer was discharging a duty of his office.

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 13 May 1976, in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 9 February 1977.

The evidence for the State tended to show that about 2:30 a.m. on 29 February 1976 Trooper Thomas A. Alley, State Highway Patrol, saw C. T. Small and his wife, the defendant and his wife, Mrs. Judy Simmons and several of their friends at a restaurant on U. S. Highway 17 about three miles north of Shallotte. All had been to a dance at the Moose Club. Trooper Alley first left the restaurant. Then defendant and Small and their friends left in two cars, Mrs. Small driving one car and Mrs. Simmons the other, on U. S. Highway 17. Neither of the drivers had been drinking. Trooper Alley was following the two cars when he saw one of them travel off on the shoulder of the road. He stopped both cars for the purpose of checking the licenses of the operators. He ordered both drivers to come to his car. They complied. Defendant and Small got out of the car which Mrs. Small had operated. Trooper Alley ordered them to get back in. Small got in under the wheel. Trooper Alley testified that "the reverse back-up lights came on his vehicle and the car moved just a little bit."

(Small and others in his car testified that Mrs. Small had left the car in "drive" with the motor running, and that Small put his foot on the brake, shifted the lever from "drive" to "park," and switched off the motor.)

Trooper Alley jumped out of the patrol car, ran up to the Small car, told Small he was under arrest for "driving under the influence," and attempted to handcuff him. Others in the car told the Trooper that Small had not been driving the car, that Mrs. Small had been driving it. The Trooper got one handcuff on one of Small's arms. The others got out of the car and approached the officer who returned to his car and called by radio for assistance.

(Small and others testified that Trooper Alley jerked him from the car and hit him on the head with a five-cell flashlight, leaving a gash two to three inches long over his left ear.)

Two deputy sheriffs arrived at the scene. The officers approached Small to place him under arrest. Defendant struck Trooper Alley on the forehead with his fist. The Trooper struck at defendant with his flashlight. There was a struggle between defendant and Deputy Sheriff Frye. Small jerked Trooper Alley's gun from his holster and struck him on the forehead. There was a tussle over the gun, during which it fired twice before the officer managed to get it away from Small.

Small was charged with (1) driving under the influence of intoxicating liquor, (2) assaulting Trooper Alley with his fists while the officer was attempting to discharge a duty of his office, and (3) assaulting with a firearm Trooper Alley while the officer was in the performance of his duty. Defendant was charged under G.S. 14-33(b)(4) with misdemeanor assaults on (1) Trooper Alley and (2) Deputy Sheriff Frye, each in the performance of their duty (arresting Small on the "driving under the influence" charge). The trials were consolidated. The "driving under the influence" charge was dismissed at the close of the State's evidence. The jury found Small not guilty of the firearm assault, but guilty of the midemeanor of assault on the officer while in the performance of his duty. However, it was then discovered that this charge had been dismissed in the District Court. The record on appeal does not disclose what disposition the trial court made upon this jury verdict. The jury found defendant not guilty of the assault on Deputy Frye, but guilty as charged of the assault on Trooper Alley. From judgment imposing imprisonment, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General William B. Ray and Deputy Attorney General William W. Melvin for the State.*

*Ray H. Walton for defendant appellant.*

CLARK, Judge.

Defendant assigns as error the failure of the trial court to charge the jury that if the officer were attempting to make an illegal arrest of C. T. Small on the charge of driving a motor vehicle on a public highway while under the influence of intoxicating liquor, the officer was not discharging a duty of his office and defendant would not be guilty of the crime charged.

One of the elements of the assault charge against the defendant was that Trooper Alley "was discharging a duty of his office, to-wit: attempting to arrest Talmadge Small, in violation of the following law: G.S. 14-33(b)(4)." The burden was on the State to prove this element of the offense.

[1] The offense of assaulting a law-enforcement officer while the officer is discharging or attempting to discharge a duty of his office presupposes lawful conduct of the officer in discharging or attempting to discharge a duty of his office. *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897 (1970); *State v. Jefferies,* 17 N.C. App. 195, 193 S.E. 2d 388 (1972), *cert. denied,* 282 N.C. 673, 194 S.E. 2d 153 (1973).

Trooper Alley was arresting or attempting to arrest Mr. Small on the charge of "driving under the influence," a misdemeanor. G.S. 20-138(a). He did not have a warrant. He had the right to make a warrantless arrest of Small if he had probable cause to believe that, in his presence, Small was driving a motor vehicle on a public highway while under the influence of intoxicating liquor. G.S. 15A-401(b)(1). If he did not have probable cause to make the arrest, then the arrest or attempted arrest was illegal, and Trooper Alley was not discharging or attempting to discharge a duty of his office.

[2] The reasonableness of the officer's grounds to believe the defendant had committed a misdemeanor in the officer's presence, when properly raised, is a factual question to be decided by the jury. *State v. Jefferies, supra.* Was the question properly raised in the case before us? Trooper Alley testified that he told Small that he was under arrest for "driving under the influence." There was no conflicting evidence as to the two elements of this offense, to-wit: (1) on a public highway, and (2) while under the influence of intoxicating liquor. There was conflicting evidence as to the third element of the offense, driving a motor vehicle. It has been held that "driving" requires that the vehicle be in motion. *State v. Carter,* 15 N.C. App. 391, 190 S.E. 2d 241 (1972).

All of the evidence tends to show that Mrs. Small and Mrs. Simmons complied with Trooper Alley's order to come to his patrol vehicle, and that Mrs. Small had left her vehicle parked on the shoulder of the highway with the gear in "drive" position. Defendant and Mr. Small got out of the car. Trooper Alley ordered them to get back in the car. They did so, but Small

got in under the steering wheel, shifted the gear from "drive" to "park" and cut off the motor. Trooper Alley testified that "the car moved just a little bit." Small testified that it did not move. This conflicting evidence raised for jury determination the factual question of whether Trooper Alley had reasonable grounds to believe (probable cause) that Small was *driving* the motor vehicle. The trial court had the duty of instructing the jury on this question and the factual circumstances that the jury must find in determining whether Trooper Alley was "discharging or attempting to discharge a duty of his office."

We are aware that G.S. 20-138 (a) has been amended to add "or operate" so that it is now a violation of the statute to *drive or operate* a motor vehicle on the public highways while under the influence of intoxicating liquor; and we are also aware that G.S. 20-4.01 (25) defines an "operator" as "A person in actual physical control of a vehicle which is in motion or has the motor running." In *State v. Turner*, 29 N.C. App. 163, 223 S.E. 2d 530 (1976), it was held that where defendant sat behind the steering wheel of a car which had the motor running, the motor stopped, and the car began to roll backward, he was *operating* the vehicle. However, in the case before us Trooper Alley charged Small with *driving* the car. He testified that the car moved, and the State based its case on movement of the vehicle. At the close of the State's evidence, the trial court dismissed the charge against Small of "driving under the influence." In view of the State's evidence that Small was in the car on a public highway and was intoxicated, it is reasonable to infer that the ground for dismissal was that the trial judge did not find sufficient evidence to go to the jury on the element of *driving* a motor vehicle.

It is important that a law-enforcement officer be protected against assault or unlawful resistance while he is discharging or attempting to discharge a duty of his office. It is equally important that members of the public be protected against the illegal deprivation of their liberty by a law-enforcement officer. Where the evidence is so conflicting as to raise the question of whether the law officer is acting lawfully, the jury must be properly instructed by the trial judge.

New trial.

Judges VAUGHN and HEDRICK concur.