THE STATE OF OHIO *v.* WYMBS.

(No. 83 TRC 053185(A)(B)—Decided January 31, 1984.)

Hamilton County Municipal Court.

*Mr. Charles F. Dorfman* and *Mr. Charles A. Rubenstein,* for plaintiff.

*Mr. Bruce F. Thompson,* for defendant.

HOGAN, J. The evidence demonstrated that on December 7, 1983 at 10:45 p.m., Sgt. Jay Smith, Cincinnati Police Division, approached 1323 Vine Street, Cincinnati, Hamilton County, Ohio, and observed a 1974 Buick parked such that one third to one half of the vehicle was angled into the nearest moving traffic lane on Vine Street and headed northbound. The defendant was sitting in the driver's seat. The vehicle was in park with the engine running. The heater was operational. The defendant admitted driving the vehicle to Smith but then denied same to the same officer. The defendant further denied operating the vehicle to Officer Eugene Depue.

The defendant took the stand in his own defense and denied driving the vehicle. Ann Robinson, a defense witness, then testified that she had been driving the defendant's vehicle when it overheated, causing her to call the defendant for assistance. According to Robinson, the defendant responded to her call and repaired the vehicle by replacing a fan belt, thermostat and jump starting the car.

The facts demonstrated beyond any doubt that defendant was under the influence of alcohol. These facts included defendant's falling asleep at the wheel, his poor performance on psycho-motor tests, the opinion testimony of both officers and a stipulated .154 BAC (blood alcohol content) result on the intoxilyzer test.

The question presented by the facts of this case is whether or not the element of operation included in R.C. 4511.19 has been proven beyond a reasonable doubt. This court finds that it has.

The state argues that the term "operator," defined at R.C. 4511.01(Y) as every person who drives or is in actual physical control of a vehicle, is evidence of a legislative intent to include all those classified as "operators" as having satisfied the "operate" requirement of R.C. 4511.19. The fallacy of this position

was amply demonstrated in *State* v. *Williams* (1969), 20 Ohio Misc. 51 [49 O.O.2d 97] and by the recent decision of Judge Mark P. Painter in *State* v. *Martin* (1982), 5 Ohio Misc. 2d 22.

The defendant argues that the decision in *State* v. *Kelley* (1976), 47 Ohio St. 2d 94 [1 O.O.3d 56], to the effect that a person in the driver's seat and in possession of the ignition key is in physical control of the vehicle, is no longer controlling since the physical control element of then existing Cincinnati Municipal Code Section 506-1 is not included in R.C. 4511.19. With this point we have no quarrel, but find the *Kelley* case not helpful in the resolution of this case.

The state cites *State* v. *Schwienher* (Jan. 26, 1983), Hamilton App. No. C-820210, unreported, as authority for its position that defendant operated the vehicle. In *Schwienher,* the defendant was found in a parking lot, sitting behind the wheel of his vehicle, which was running. The defendant's foot was resting on the accelerator pedal in such a position as to cause the engine to run at a high rpm. The defendant had not been on the lot thirty-five minutes earlier. Defendant entered a plea of no contest before Judge F. David J. Albanese of the Hamilton County Municipal Court, was found guilty, and appealed on the basis that the judgment was against the manifest weight of the evidence. The First Appellate District, in citing various reasons why the arrest was lawful, stated:

"* * * appellant was in fact operating the car because he had the motor running and he was in the driver's seat. * * *

"The primary object of R.C. 4511.19 is to protect the public from the hazards created by vehicles controlled by drunk persons. * * * These hazards are present when the motor is running and the drunk person is behind the wheel * * *."

In ruling on defendant's motion to suppress in *Schwienher, supra,* Judge Albanese cited the definition of "operate" found at 4 O.J.I. 525.19 (1982) as follows:

"2. Operate. To operate includes any act or succession of acts performed which causes or may cause the vehicle to be set in motion, such as causing the vehicle to start, stop, park, turn, accelerate, putting the vehicle in gear or backing, whether such vehicle had the engine running or not. * * *"

We emphasize that the question before us is one that tests the parameters of the word "operate," it being quite obvious that defendant was in physical control of the vehicle. The question is whether or not, upon the facts of this case, the defendant "operated" the vehicle. In this respect, we refer to the annotation found at 93 A.L.R. 3d 7 (1979). The author's summary of reported decisions from various state courts led him to state in Section 3[b], at page 16:

"It seems clearly established that the term 'operating' as used in statutes prohibiting the operation of a vehicle while intoxicated is broader than the term 'driving.' * * *

"The reason that the term 'operating' is broader than driving is that, as defined in nearly all of the cases, operating does not require that the vehicle be in motion. * * *"

Two definitions of "operate" are listed therein and are particularly helpful here:

"(1) 'operate' includes not only the motion of the vehicle but also acts which engage the machinery of the vehicle that alone or in sequence, will set in motion the motive power of the vehicle; (2) a person operates a motor vehicle when he intentionally does any act that makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle; * * *" *Id.* at 17.

In accord are *Flournoy* v. *State* (1962), 106 Ga. App. 756, 128 S.E. 2d 528; *State* v. *Sweeney* (1962), 77 N.J. Super. 512, 182 A. 2d 39; *State* v. *Webb* (1926), 202 Iowa 633, 210 N.W. 751; *State* v. *Turner* (1976), 29 N.C. App. 163, 223 S.E.

2d 530; *State* v. *Lariviere* (1963), 2 Conn. Cir. 221, 197 A. 2d 529; *State* v. *Pritchett* (1961), 53 Del. 583, 173 A. 2d 886; *Rose* v. *State* (1976), 168 Ind. App. 674, 345 N.E. 2d 257; *People* v. *Marriott* (1971), 37 A.D. 2d 868, 325 N.Y.Supp. 2d 177; and *Nicolls* v. *Commonwealth* (1971), 212 Va. 257, 184 S.E. 2d 9.

Since the testimony is unrebutted that defendant started the vehicle in question, we adopt the above definitions of "operate" and hold that defendant operated the vehicle as a matter of law. We point out that this finding is not inconsistent with Judge David P. Davis' decision in *State* v. *Soaper* (1983), Hamilton M.C. No. 82 CRB 24826, unreported. Although Judge Davis found the defendant not guilty in the *Soaper* case, the written decision illustrates that he did not find that the motor was running.

Second, there are certain excerpts from the testimony which adversely affect the defendant's credibility and lead the court to believe that defendant drove the vehicle prior to being first seen by the police. The defendant was obviously drunk, yet he told Sgt. Smith that he was not drinking. According to Officer Depue's testimony, defendant blew into the intoxilyzer with repeated small breaths. This is interpreted by the court as an attempt to lower the BAC reading on the instrument. (It was stipulated that this was defendant's second driving while intoxicated offense within five years.) Robinson testified that she parked the defendant's vehicle in the spot seen by Smith almost next to the curb, but Smith testified that when he first saw the car, it was one third to one half in the traveled portion of the road. The evidence showed that the defendant owned the vehicle and started the car prior to being noticed by the police. The defendant admitted and then denied driving and never mentioned to the police that Robinson was driving the car.

All of the foregoing leads this court to find the defendant guilty as charged in the affidavit of driving while intoxicated in violation of R.C. 4511.19.

*Defendant guilty.*