David **REDDIE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–86–00558–CR.

Court of Appeals of Texas, San Antonio.

Sept. 2, 1987.

---

**924**

Warren Weir, San Antonio, for appellant.

Fred G. Rodriguez, Angela Sandoval, Arnulfo Ruiz, Raymond J. Hardy, Jr., Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CHAPA, JJ.

## OPINION

BUTTS, Justice.

Following a jury trial, appellant was convicted of driving while intoxicated. The court's sentence was two years' imprisonment, probated, and a fine of $300.00. In three points of error, appellant challenges the sufficiency of the evidence to support the conviction.

Two teenagers and the mother of one testified that about 9:30 p.m. on July 1, 1986, they saw appellant slumped over the steering wheel of a car. The motor was idling. The automobile was parked in the middle of the road leading into a new residential subdivision outside the San Antonio city limits. These witnesses further testified that appellant smelled strongly of alcohol. No officer testified and no tests were administered to determine if appellant was intoxicated.

One of the witnesses, Mrs. Frizzell, testified that she had driven past the location at approximately 7:00 p.m., and the car had not been parked there at that time. No one knew how long the car had been parked in the road, or how long appellant had been sitting in it or how long he may have been intoxicated.

In reviewing the sufficiency of the evidence to sustain the conviction this court views the evidence in the light most favorable to the verdict. We must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *McGoldrick v. State*, 682 S.W.2d 573, 577 (Tex.Crim.App.1985).

In order to sustain a conviction for driving while intoxicated the State must show that appellant (1) was intoxicated (2) while driving or operating a motor vehicle (3) in a public place. TEX.REV.CIV.STAT. ANN. art. 6701*l*–1(b) (Vernon Supp.1987).

No evidence was introduced to show how or when appellant arrived at the scene, that is, whether he drove the automobile he was found sitting in, whether some other person drove him there, when he drank intoxicants or whether he was intoxicated at the time he arrived or become so later. There is no evidence to show who owned the automobile. The evidence is that the three persons saw appellant asleep at the wheel of the automobile, the motor running, and the gear was in "park." They said they believed he was intoxicated.

While some evidence showed that appellant may have been intoxicated in a public place, there was no evidence that appellant was intoxicated *while driving* to the scene. *See, e.g., Duran v. State,* 171 Tex.Crim. 535, 352 S.W.2d 739 (Tex.Crim.App.1962).

The State contends that appellant was operating the car within the meaning of the statute when he was found sleeping behind the wheel with the engine running. They cite *Keenan v. State,* 700 S.W.2d 12 (Tex. App.—Amarillo 1985, no writ).

The *Keenan* court concerned itself with proof that the defendant was intoxicated at the time he operated the vehicle. In fact, the lapse of time weighed heavily in that decision. From the time that a witness saw the pickup partially blocking the lane of traffic with fumes coming from the tailpipe until he went to town for aid (about two minutes), returning to the scene, only a short time ("not great") had elapsed. Only the defendant was seen in the vehicle in the short time span. The pickup partially blocked a traffic lane on a busy highway so that a collision resulted when the summoned officer pulled his police vehicle in behind the pickup. The court found the evidence sufficient to show that the defendant was the only person in the pickup before and after the collision. The court noted the short time span to conclude that the defendant "operated the vehicle during the period of intoxication." However, the

court equated *operate* with *drive:* "The main issue for our resolution is whether [the defendant] was, in fact, *driving* while he was intoxicated." The court found that the evidence was sufficient to show the defendant was driving the vehicle. The facts in *Keenan* may be compared to *Thomas v. State,* 283 S.W.2d 933 (Tex. Crim.App.1955) and *Hughes v. State,* 276 S.W.2d 813 (Tex.Crim.App.1955).

The facts in the present case must be distinguished. Here the witnesses admit they did not see when appellant arrived. They did not know whether another person had been in the car. They did not know whether appellant was the driver when the car got there. They could not say how long appellant had been in the car. As noted earlier, no officer testified, and no proof of ownership of the automobile was made. Moreover, there is no proof to show that appellant was intoxicated when he arrived on the scene or when he may have become intoxicated.

There is insufficient evidence that appellant was actually driving. The question, therefore, becomes whether he was "operating" the vehicle when witnesses saw him slumped over the steering wheel, asleep, with the engine running and the gear in "park." No one saw appellant parking the car, manipulating the gear or ignition. Further the car may have been located there in the subdivision outside the San Antonio city limits at least two or more hours.

The word "operate" in the Texas DWI statute has not been defined. TEX. REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1987). Our law is clear, however, that for a conviction to be supported by the evidence, the proof must show that a defendant drives or operates a vehicle at the same time he is intoxicated. *Coleman v. State,* 704 S.W.2d 511, 512 (Tex.App.— Houston [1st Dist.] 1986, no writ).[1]

In construing a statute courts must first analyze the language of the statute itself.

---

1. In *Galan v. State,* 164 Tex.Crim. 521, 301 S.W.2d 141, 142 (1957) the defendant was indicted for operating a motor vehicle while intoxicated, and the jury was charged they might convict upon finding the defendant did "drive and operate" a motor vehicle. The court held the court's

Absent a clearly expressed legislative intent to the contrary, the plain meaning of the statutory language controls its construction. *See, e.g., Howard v. State*, 690 S.W.2d 252, 254 (Tex.Crim.App.1985). In normal usage, "operate" means "to perform a function, or operation, or produce an effect." BLACK'S LAW DICTIONARY 984 (rev. 5th ed. 1979); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1580–81 (G. & C. Merriam 1981) ("2 a: to cause to function usually by direct personal effort; work [operate] a car ...."). Therefore, the word "operate" requires effort, the doing of something, by the operator. Accordingly, the question is whether in Texas a sleeping person can be said to be "operating" a car within the plain meaning of the word, and absent a legislative or judicial definition otherwise.

▇ This is not to ignore the obvious inference that a person such as appellant, who is found sleeping in a car with the motor running may have operated the car at some point in time. However, this evidence alone is no indication that the person operated the car while intoxicated. The fact that the motor is running and the gear is in the park position supports an inference that the person found intoxicated and sleeping behind the wheel caused the car to function in this way at some time. We conclude there exist other reasonable hypotheses. Without knowing how long the car had been at that place, or when the sleeping occupant became intoxicated, or even that the person was the one who drove the car and parked it there, we cannot infer that he drove or operated the car *while intoxicated.*

## STATUTORY DEFINITION

In some states if a person is found sitting behind the wheel of a vehicle with the engine running, it may be sufficient to constitute "operation." *See* 1 DEFENSE OF DRUNK DRIVING CASES § 1, 1–7 (Matthew Bender 3rd ed. 1987). However, in many of these states the word "operate" is statutorily defined. For instance, in Missouri, a finding that a person operated a motor vehicle while intoxicated will support a conviction of driving while intoxicated. MO.REV.STAT.ANN. § 577.001, subd. 2 (Vernon 1982). However, "operating" is defined to mean "in actual physical control of a motor vehicle." MO.REV.STAT.ANN. § 577.001, subd. 1. Further, in rejecting the contention that the term "actual physical control" is so vague and uncertain in meaning as to be impossible of definition, the Missouri courts further clarified what that term means: *"Actual physical control* of a vehicle results, even though the machine merely stands motionless, so long as a person keeps the vehicle in restraint or in a position to regulate its movements." *City of Kansas City v. Troutner*, 544 S.W.2d 295, 300 (Mo.App. (1976); *citing, Parker v. State*, 424 P.2d 997 (Okl.1967); *Commonwealth v. Kloch*, 230 Pa.Super. 563, 327 A.2d 375 (1975); *State v. Webb*, 78 Ariz. 8, 274 P.2d 338 (1954). *See also, State v. O'Toole*, 673 S.W.2d 25, 27 (Mo. 1984).

Further, decisions in these states clearly show that defining "operate" to mean "actual physical control" substantially broadens the scope of the term. *See State v. Williams*, 20 Ohio Misc. 51, 251 N.E.2d 714 (Ohio Mun.1969).

In *Williams* the defendant was found sitting in his car behind the steering wheel with the motor running. None of the witnesses ever saw the car in motion. Williams was intoxicated. In holding that evidence was insufficient to show that Williams had been operating the vehicle while intoxicated, the court pointed out that:

*[O]n at least three occasions* the Ohio Legislature has acted on statutes dealing

---

charge was proper because the terms were synonymous. In *Chamberlain v. State*, 163 Tex. Crim. 529, 294 S.W.2d 719, 720 (1956) the court stated that the steering of a car by the defendant as it moved upon the highway, although its engine was not running, was sufficient to constitute the driving and operating of the, same.

with operating a motor vehicle while under the influence of alcohol. As will be noted, the 1936 statute made no mention of 'being in physical control.' The 1941 statute added the words, 'being in actual physical control,' thus broadening the coverage of the statute to include persons found sitting behind the wheel of a stationary automobile, ...

*Id.* at 717; *State v. Wilgus,* 31 O.O. 443 (1945). However, the court then observed that the statute under which Williams was convicted did not contain the words "being in actual physical control." *Id.* 251 N.E.2d at 717–18; OHIO REV.CODE § 4511.19 (Vernon 1953). Therefore, Williams, who was found sitting behind the wheel of his car with the motor running, was not "operating" his car. *Id.* at 718; *see also, State v. Martin,* 5 Ohio Misc.2d 22, 450 N.E.2d 306 (Ohio Mun.1982). The Ohio statute had omitted the definition of "operating."

■ We hold that in order to prove that appellant operated the vehicle while intoxicated under article 6701*l*–1(b), absent an otherwise controlling definition, evidence must show that *while intoxicated* he exerted personal effort to cause the vehicle to function. There was no evidence to prove appellant was intoxicated before the vehicle was placed there. There was no evidence as to when appellant became intoxicated or that he was intoxicated at the time he performed an act to affect the functioning of the vehicle.[2]

The three points of error are sustained. The evidence does not support a conviction of the offense of driving or operating a vehicle while intoxicated. The judgment is reversed and the case remanded for the purpose of entry of a judgment of acquittal.

---

**2.** The extrajudicial statement by appellant that he had been drinking earlier in the evening cannot, itself, establish the element of intoxi-

cation (the corpus delicti). *Coleman v. State,* 704 S.W.2d 511, 512 (Tex.App.—Houston [1st Dist.] 1986, no pet.).